SCHAVE v DEPARTMENT OF STATE POLICE

1. WORKMEN'S COMPENSATION—STATE POLICE—STATUTES—DISABILITY
   BENEFITS—PENSION BENEFITS—CONDITIONS PRECEDENT.

   The Department of State Police may not utilize a statute which
   requires an employee to first apply for any pension benefits to
   which he may be entitled as a condition precedent to filing for
   workmen's compensation benefits in order to prevent the em-
   ployee from recovering disability benefits where the employee
   did not apply for a pension because he had recovered fully from
   his disability (MCLA 418.405[3]).

2. WORKMEN'S COMPENSATION—STATUTES—DISABILITY BENEFITS—PEN-
   SION BENEFITS—CONDITIONS PRECEDENT—PRESUMPTIONS.

   Failure by an employee of the Department of State Police to first
   apply for pension benefits before applying for workmen's com-
   pensation benefits does not prevent the employee from being
   entitled to a statutory presumption that his temporarily dis-
   abling heart disease arose out of and in the course of his
   employment, where the employee was not eligible for a pen-
   sion; a claimant for workmen's compensation benefits is not
   required to perform a useless act (MCLA 418.405[2], [3]).

3. WORKMEN'S COMPENSATION—STATUTES—POLICE—FIREMEN—HEART
   DISEASES—RESPIRATORY DISEASES—PRESUMPTIONS—EVIDENCE.

   A statutory presumption that respiratory and heart diseases or
   illnesses arising therefrom which develop or manifest them-
   selves during the employee's active service in the case of a
   policeman or fireman arise out of and in the course of employ-
   ment in the absence of evidence to the contrary can only be
   rebutted by evidence of non-work-related causation; evidence
   merely of preexisting heart disease or medical opinion that the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 121, 153, 154, 306.
   Right to compensation under workmen's compensation act as af-
   fected by pension, insurance, gratuities, or other benefits not
   derived from the act itself. 119 ALR 920.
[3] 58 Am Jur, Workmen's Compensation §§ 245–247.
   Workmen's compensation as covering disease contracted by em-
   ployee while on street or traveling. 141 ALR 806.

occupation had no effect on the weakened heart is not sufficient to rebut the presumption (MCLA 418.405[2]).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 December 10, 1974, at Detroit. (Docket No. 19710.) Decided January 29, 1975. Leave to appeal denied, 394 Mich 765.

Claim by Richard M. Schave against the Department of State Police and the Michigan State Accident Fund for workmen's compensation benefits. Benefits denied. Plaintiff appeals by leave granted. Reversed and remanded.

*Seward, Tally, Newcombe & Leaming, P. C.,* for plaintiff.

*Vanderveen, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *James A. Sullivan),* for defendants.

Before: BRONSON, P. J., and McGREGOR and CAR-LAND,* JJ.

McGREGOR, J. The plaintiff, a member of the State Police Department, appeals by leave the opinion of the Workmen's Compensation Appeal Board affirming the hearing referee's determination that plaintiff was not entitled to recover benefits under the Workmen's Compensation Act.

The only issue before this Court is whether the Workmen's Compensation Appeal Board erred in holding that plaintiff was not entitled to the presumption created by MCLA 418.405; MSA 17.237(405), that plaintiff's heart disease arose out of and in the course of his employment because the plaintiff failed to first make application for

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and do all things necessary to qualify for any pension benefits to which he was entitled.

Plaintiff has been employed as a police officer with the Michigan State Police since 1955: first, as a trooper, then a dog handler, and presently as a detective-lieutenant assigned to the intelligence section. During his career, plaintiff was on occasion required to work long hours overtime, sometimes from 5 a.m. to 6 or 8 p.m., and on various occasions, on other shifts, from 3 p.m. to 2 a.m. He was also subject to frequent and sporadic call-outs, including riot duty.

In 1970, plaintiff was disabled on three different occasions as a result of attacks from pericarditis (an inflammation of the surface covering of the heart) and/or myocarditis (an inflammation of the muscular part of the heart wall). The periods of disablement as a result of these attacks were: 1-15-70 to 2-15-70, five hours on 11-10-70, and from 11-23-70 to 12-27-70. On September 21, 1971, plaintiff filed a petition with the Workmen's Compensation Bureau to recover benefits for these periods of disablement. Plaintiff had completely recovered from the disease and returned to full active duty when he filed his petition with the bureau.

At the hearing, plaintiff based his case on the presumption created by MCLA 418.405; MSA 17.237(405), claiming that the etiology had not yet been delineated by medical research.[1]

---

[1] At the time of plaintiff's injury, the statute was as follows: "(1) In the case of a member of a full paid fire or police department of a city, township or incorporated village employed and compensated upon a full-time basis, a county sheriff and his deputies and members of the state police, 'personal injury' shall be construed to include respiratory and heart diseases or illnesses resulting therefrom which develop or manifest themselves during a period while the member of the department is in the active service of the department and result from the performance of duties as a fire fighter or policeman.

"(2) Such respiratory and heart diseases or illnesses resulting therefrom are deemed to arise out of and in the course of employment in the absence of evidence to the contrary.

Two doctors testified at the hearing concerning the etiology of pericarditis. Both doctors opined that, as yet, the etiology had not been delineated by medical research and, as far as present medical knowledge was concerned, it was impossible to say with a degree of certainty that this disease was either work-related or not work-related.

In its opinion, the Workmen's Compensation Bureau stated that the burden was upon the plaintiff to establish that his ailment arose out of and in the course of his employment, and that the medical testimony offered no evidence of causal connection between plaintiff's ailment and his work as a police officer. The board held that, under the circumstances, plaintiff was not entitled to the presumption that his ailment resulting from a heart disease arose out of and in the course of employment. The board based its decision on the fact that:

"The presumption, if it is to prevail, requires, as condition precedent, application for pension benefits and denial of same. See *Doyle Verdier v City of Flint,* 1973 WCABO 343. Police and firemen cannot receive workmen's compensation in addition to like benefits under a city charter provision, see MSA 17.237(161) [MCLA 418.161]. Plaintiff herein is working and has not petitioned for his pension."

The board affirmed the decision of the referee, denying compensation, since without the presumption, plaintiff failed to sustain his burden of proof.

"(3) As a condition precedent to filing an application for benefits, the claimant, if he is one of those enumerated in subsection (1), shall first make application for, and do all things necessary to qualify for any pension benefits which he, or his decedent, may be entitled to. If a final determination is made that pension benefits shall not be awarded, then the presumption of 'personal injury' as provided in this section shall apply. The employer or employee may request 2 copies of the determination denying pension benefits, 1 copy of which may be filed with the bureau." MCLA 418.405; MSA 17.237(405).

The statute upon which plaintiff relies clearly requires, as a condition precedent to the presumption, that the plaintiff must first make application for and do all things necessary to qualify for any pension benefits that he may be entitled to. A crucial question then arises as to whether or not the plaintiff was entitled to any pension benefits at the time he applied for workmen's compensation.

The statute which enumerates the types of pensions for which a state police officer may be eligible is MCLA 28.105; MSA 3.335, which provides, in pertinent part:

"Every member of the Michigan department of public safety who has subscribed to the constitutional oath of office and who has served 25 years, or who has been totally, or partially, disabled in line of duty shall be entitled to be retired and to receive a pension as provided in section 7 of this act * * * ."

Since the plaintiff had not served 25 years as a member of the Michigan Department of Public Safety at the time he applied for workmen's compensation benefits, the only possible pension provision for which he might have been eligible would have been based on his total or partial disablement. MCLA 28.106(b); MSA 3.336(b) defines "total disability" as being totally disabled from "the performance of manual labor or gainful employment". MCLA 28.106(c); MSA 3.336(c) defines the term "partial disability" as being "partially disabled from the performance of manual labor" or being "temporarily incapable of performing [one's] duties". Since the plaintiff had returned to his full duties, after completely recovering from the disease, he was neither totally nor partially disabled from the performance of manual labor or gainful employment, nor was he incapable of performing his duties. Therefore, the plaintiff was not entitled

to receive a pension based upon either total or partial disability.

The defendants urge that this Court hold that plaintiff is not entitled to workmen's compensation benefits since he did not apply for a pension during the approximately 68 days that he was disabled and, therefore, entitled to a disability pension. Defendants also urge that this Court hold that MCLA 418.405; MSA 27.237(405) requires a claimant to apply for pension benefits regardless of whether or not he may be entitled to such benefits before the presumption of "personal injury" shall apply.

We cannot agree with either of defendants' positions. The purpose of the statute in requiring, as a condition precedent to the filing of an application for workmen's compensation benefits, that the officer first apply for any pension benefits to which he may be entitled, is to prevent the double recovery of benefits by receiving both a disability pension and workmen's compensation benefits for the same disability. Were we to adopt the defendants' position, a claimant would be barred from recovering for his periods of disablement because he was fortunate enough to recover fully before applying for pension benefits.

The defendants' second position, that plaintiff is not entitled to the presumption in his favor since he did not apply for pension benefits, is equally without merit. A claimant for workmen's compensation benefits is not required to perform a useless act. *Cichecki v Hamtramck,* 382 Mich 428; 170 NW2d 58 (1969).

The defendants contend that, even if the statutory presumption is applied in plaintiff's favor, the board's affirmance of the referee's denial of compensation should be upheld, since "evidence to the

contrary" was presented which rebutted the presumption in favor of the plaintiff. MCLA 418.405(2); MSA 17.237(405)(2). Defendants base this position on one paragraph of the referee's opinion, in which he stated:

"The assumption is also contingent upon the 'absence of evidence to the contrary' and in 35 years in this business I have never seen a seriously contested heart case where there wasn't 'evidence to the contrary.' Section 418.405 promises special gifts and then takes them away."

We hold, after a careful review of the Workmen's Compensation Appeal Board decision, that the board, following its *de novo* evaluation of the record, based its affirmance solely on its conclusion that the plaintiff was not entitled to the statutory presumption in his favor. This was error and requires reversal of the board's decision and a remand for reconsideration and application of the presumption in favor of the plaintiff. We are therefore required to examine the meaning of the term "in absence of evidence to the contrary" within the context of this statute.

There is little doubt that the Legislature, in enacting this statute, made the determination that policemen and firemen were particularly vulnerable to respiratory and heart diseases, and that medical learning was insufficient to ascribe causes to these diseases. The obvious legislative intent was to afford compensation to policemen and firemen suffering from respiratory and heart diseases in that very limited situation where no doctor was able to diagnose etiology.

Since the interpretation of this statute is a matter of first impression in this state, we find the comments of Larson, perhaps the leading authority in the field of workmen's compensation, persua-

sive in this matter. In 1A Larson, Workmen's Compensation Law, § 41.70, pp 311–313, the author discusses the type of medical testimony necessary to establish "evidence to the contrary" in statutes similar to the one at bar:

> "An interesting recent phenomenon has been the burgeoning in all parts of the country of statutes granting special compensation coverage to firemen or policemen or both, for respiratory and heart diseases connected with the exertions of the employment. No two are quite identical. Most establish a presumption of work connection when these diseases result from performance of active service, *a presumption that cannot be rebutted merely by evidence of preexisting heart disease nor by medical opinion that the occupation had no effect on the weakened heart.*" (Emphasis added.)

We therefore interpret the meaning of "evidence to the contrary" in the context of this statute to require that in order to rebut the presumption, the defendant is required to produce evidence of non-work-related causation. The presumption cannot be rebutted merely by evidence of preexisting heart disease, nor by medical opinion that the occupation had no effect on the weakened heart.

Reversed and remanded for further proceedings consistent with this opinion.