## KOOPMAN v LOGAN

Docket Nos. 78-1685, 78-1686. Submitted June 5, 1979, at Grand
      Rapids.—Decided October 5, 1979.

> Janet Koopman was seriously injured and Peggy Tuesink was
> killed in an automobile accident. Janet Koopman and Ernest L.
> Tuesink, administrator of Peggy's estate, brought actions in
> Allegan Circuit Court against Patricia L. Logan, owner of one
> of the automobiles involved in the accident. Two default judg-
> ments in the amount of $100,000 each were entered against
> defendant Logan, George R. Corsiglia, J. The plaintiffs sought
> to recover from Logan's insurance carrier, Allstate Insurance
> Company, the amount of the judgments. Allstate denied cover-
> age on the basis of cancellation of Logan's insurance for non-
> payment of premium, stating that notice of cancellation had
> been sent to the defendant. The two actions against Allstate
> were consolidated for trial. Judgments for defendant Allstate.
> Plaintiffs appeal, alleging that the trial court erred by instruct-
> ing the jury that the mailing of notice of cancellation is prima
> facie notice which resulted in a presumption which shifted the
> burden of proof in violation of the Michigan Rules of Evidence,
> that the court erred in refusing to instruct the jury that
> Allstate was required to send the notice of cancellation by
> certified mail and that the presumption of notice, where it is
> sent by postage prepaid to the last known address, does not
> arise where the insurer knows that the insured's last known
> address is no longer current. Allstate Insurance Company cross-
> appealed. *Held:*

> 1. A jury instruction that the mailing of an insurance cancel-
> lation notice to an insured is prima facie notice of cancellation
> does not shift the ultimate burden of proof or persuasion in
> violation of the Michigan Rules of Evidence because the overall
> burden of proof, in an action to avoid cancellation, remains as
> originally cast.

> 2. The mailing of notice of cancellation for nonpayment of

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 29 Am Jur 2d, Evidence §§ 193, 194.

[2] 29 Am Jur 2d, Evidence § 159.

[3] 29 Am Jur 2d, Evidence § 124.

[5] 29 Am Jur 2d, Evidence § 196.

premiums by an insurer to the insured with postage fully prepaid is sufficient notice; therefore, refusing to instruct a jury that the insurance company was required to send notice of cancellation by certified mail does not constitute error.

3. A presumption of notice of cancellation of insurance coverage arises when the insurer fulfills the requirement of mailing the notice of cancellation to the insured's last known address; evidence that the address is not current, as tending to show the lack of receipt of the notice, is admissible to rebut the presumption.

Affirmed.

1. INSURANCE — AUTOMOBILES — CANCELLATION — NOTICE OF CANCELLATION — PRESUMPTIONS — EVIDENCE — STATUTES.

Prima facie proof that notice of cancellation of an automobile insurance policy was received by the insured is made where the insurer establishes that the notice of cancellation was mailed; the insurer is entitled to rely on this presumption until it is rebutted by competent evidence (MCL 500.3020; MSA 24.13020).

2. EVIDENCE — PRESUMPTIONS — STATUTORY PRESUMPTIONS — COMMON-LAW PRESUMPTIONS — REBUTTAL — BURDEN OF PROOF — EVIDENCE.

Generally, there has been no distinction drawn between jury instructions applicable to statutory presumptions and those applicable to common-law presumptions; therefore, in the absence of any language in a statute indicating that a presumption is to be dealt with in a special way, the Michigan Rules of Evidence apply and provide for going forth with evidence to rebut or meet a presumption and for the overall burden of proof in the case (MRE 301).

3. INSURANCE — NOTICE OF CANCELLATION — BURDEN OF PROOF — EVIDENCE.

A jury instruction that the mailing of an insurance cancellation notice to the insured is prima facie notice of cancellation does not shift the ultimate burden of proof or persuasion in violation of the Michigan Rules of Evidence because the overall burden of proof, in an action to avoid cancellation, remains as originally cast (MRE 301).

4. INSURANCE — NOTICE OF CANCELLATION — CERTIFIED MAIL — STATUTES.

An insured's mailing of notice of cancellation for nonpayment of premiums to an insured with postage fully prepaid is sufficient

notice of cancellation; therefore, refusing to instruct a jury that the insurance company was required to send notice of cancellation by certified mail does not constitute error (MCL 500.3020; MSA 24.13020).

5. INSURANCE — NOTICE OF CANCELLATION — MAILING — LAST KNOWN ADDRESS — PRESUMPTIONS — STATUTES.

A presumption of receipt of notice of cancellation of insurance coverage arises when the insurer fulfills the requirement of mailing, with postage fully prepaid, the notice of cancellation to the insured's last known address; evidence that the address is not current, as tending to show the lack of receipt of the notice, is admissible to rebut the presumption (MCL 500.3020; MSA 24.13020).

*Cholette, Perkins & Buchanan* (by *Robert A. Benson*), for plaintiffs.

*Hillman, Baxter & Hammond* (by *Joel M. Boyden* and *Phillip J. Nelson*), for Allstate Insurance Company.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BURDICK,* JJ.

PER CURIAM. This action arose out of an automobile accident occurring on December 24, 1974, in which plaintiff Tuesink's decedent was killed and plaintiff Koopman was seriously injured. Two default judgments in the amount of $100,000 each were taken against defendant Patricia Logan, the owner of one of the automobiles involved in the accident. Plaintiffs sought to recover from Allstate Insurance Company, Logan's insurer, for the amount of the two judgments. Allstate denied that it had provided insurance coverage for defendant Logan's vehicle at the time of the accident. Plaintiffs appeal a judgment in favor of defendant Allstate Insurance Company resulting from a jury

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

verdict of no cause for action in favor of defendant Allstate.

On appeal, plaintiffs argue that the trial court erroneously cast the burden of nonpersuasion on the plaintiffs by instructing the jury on the effect of the statutory presumption contained in MCL 500.3020; MSA 24.13020. Plaintiffs argue that the instruction given by the trial court shifted the burden of proof in violation of MRE 301.

MCL 500.3020; MSA 24.13020 provides that the mailing of a notice of cancellation of an insurance policy shall be prima facie proof of notice. This language denotes a rebuttable presumption of receipt of the notice from proof of the mailing. *Raptis v Safeguard Ins Co*, 13 Mich App 193, 199; 163 NW2d 835 (1968). Generally, there has been no distinction drawn between jury instructions applicable to statutory presumptions, and those applicable to common-law presumptions. *In re Wood Estate*, 374 Mich 278, 293; 132 NW2d 35 (1965). Therefore, in the absence of any language in the statute indicating that this presumption is to be dealt with in a special way, this Court agrees with the plaintiff that MRE 301, which covers the operation of presumptions in civil cases, applies in this case.

This Court disagrees, however, with plaintiffs' contention that the instruction given by the trial court did not comport with MRE 301. This Court approved the substance of the trial court's instruction, in a case involving the evidentiary effect of this presumption, in *Good v DAIIE*, 67 Mich App 270, 276-277; 241 NW2d 71 (1976). Subsequently, in *Kar v Hogan*, 399 Mich 529, 538-542; 251 NW2d 77 (1976), the Court clearly indicated that an instruction of this type does not shift the burden of proof in the sense of the risk of nonpersuasion,

which remains, as originally cast, on the plaintiff. Accordingly, we hold that the trial court's instruction on the effect of this presumption did not shift the burden of proof in violation of MRE 301.

Plaintiffs' next argument, that the trial court erred in refusing to instruct the jury that the insurance company was required to send the notice of cancellation for nonpayment of premium by certified mail, is without merit. The certified mail requirement contained in MCL 500.3224; MSA 24.13224 is specifically made nonapplicable in cases such as this one, in which the cancellation is based on nonpayment of premiums, by MCL 500.3212; MSA 24.13212. The applicable statute in this case is MCL 500.3020; MSA 24.13020, which provides only that the mailing of notice of cancellation, by the insurer to the insured, be with postage fully prepaid.

Plaintiffs finally argue that the presumption created in MCL 500.3020; MSA 24.13020 does not arise when the insured's last known address may be known to the insurer to be no longer current. This Court rejects plaintiffs' argument because the statute clearly indicates that the presumption arises when the insurer fulfills the requirement of mailing the notice of cancellation to the insured's last known address. Evidence that the address was not current, as tending to show the lack of receipt of the notice, is properly admissible in rebuttal to the presumption.

The decision of this Court makes it unnecessary to address this issue raised in the cross-appeal filed by defendant Allstate Insurance Company.

Affirmed.