## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v ALLEN

Docket Nos. 118933, 119006. Sub...itted March 12, 1991, at Lansing. Decided August 20, 1991, at 9:35 A.M.

State Farm Mutual Automobile Insurance Company brought an action in the Calhoun Circuit Court against Bridgett S. Allen and Sally M. and Gordon E. Roberts, seeking a declaration that it had canceled Allen's automobile insurance before the date of an accident in which Sally Roberts, a passenger in Allen's vehicle, was injured. State Farm claimed that it mailed Allen a notice of cancellation for nonpayment of premiums, and Allen denied receiving the cancellation notice. The jury found that State Farm had mailed the cancellation notice, but could not decide whether Allen had received it. The court, Stephen B. Miller, J., relying on the presumption of receipt contained in MCL 500.3020(4); MSA 24.13020(4), found that, as a matter of law, Allen had received the notice, and entered a judgment in favor of State Farm. The Robertses and Allen filed separate appeals from that judgment, which were consolidated.

The Court of Appeals *held:*

A retrial is warranted because the jury instructions did not correctly state the law.

1. The statutory presumption of receipt does not shift the burden of persuasion, which remained with State Farm.

2. The jury was improperly instructed that if it found that State Farm mailed the notice, it was then Allen's burden to prove by a preponderance of the evidence that she did not receive it. Before instructing the jury, the court should have decided whether Allen had presented sufficient evidence to rebut the presumption of receipt. If sufficient evidence was presented, the proper instruction should not have concerned presumption, because it would no longer exist and instead

REFERENCES

Am Jur 2d, Automobile Insurance § 38; Evidence §§ 194-198; Trial §§ 1293-1296.

Actual receipt of cancellation notice mailed by insurer as prerequisite to cancellation of insurance. 40 ALR4th 867.

would have become a permissible inference, but rather should have concerned the burden of proof and the underlying facts.

3. The court erred in giving the jury the option of deciding that neither side preponderated with respect to whether Allen received notice. If the evidence, including the permissible inferences, did not show by a preponderance of the evidence that Allen received the notice, then State Farm did not carry its burden of proof.

Reversed and remanded for a new trial.

1. TRIAL — EVIDENCE — PRESUMPTIONS — BURDEN OF PROOF.

A presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to that party the burden of proof with regard to the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast (MRE 301).

2. TRIAL — EVIDENCE — PRESUMPTIONS — JURY INSTRUCTIONS.

A judge, before formulating jury instructions, must decide if a party has presented evidence sufficient to rebut a presumed fact; if the party has succeeded, the presumption no longer exists and, instead, becomes a permissible inference, requiring instruction of the jury only with regard to the burden of proof and the underlying facts, not the presumption.

3. INSURANCE — NOTICE OF CANCELLATION — PRESUMPTIONS — BURDEN OF PROOF.

The mailing of a notice of cancellation of an insurance policy by an insurer to an insured is prima facie proof of notice; the insured must receive actual notice of cancellation, and the act of mailing the notice creates a rebuttable presumption that the insured received the notice; an insurer does not carry its burden of proving notice where the insured presents evidence to rebut or meet the presumption of receipt and the preponderance of the evidence, including all the permissible inferences, does not show that the insured received the notice (MRE 301; MCL 500.3020[1][b],[4]; MSA 24.13020[1][b],[4]).

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Curtis R. Hadley*), for the plaintiff.

*Frederick E. Royce, III,* for Bridgett Allen.

*Field & Field, P.C.* (by *Samuel T. Field*), for Sally and Gordon Roberts.

Before: Neff, P.J., and Murphy and Marilyn Kelly, JJ.

Marilyn Kelly, J. This is a declaratory judgment action. Defendants Sally and Gordon Roberts and Bridgett Allen appeal as of right from a judgment finding that Allen was not insured with plaintiff State Farm Mutual Automobile Insurance Company. We reverse and remand for a new trial.

On September 29, 1986, Sally Roberts suffered serious injuries as the result of an automobile accident. She was a passenger in an automobile owned and operated by her daughter, Bridgett Allen. Both parties had been insured by State Farm. Roberts agreed to a $10,000 settlement with State Farm under her uninsured motorist coverage.

She then filed suit against Allen seeking damages resulting from the accident. Allen notified State Farm which, in turn, filed a complaint for declaratory judgment seeking a ruling that, by the date of the accident, it had cancelled Allen's insurance. State Farm claimed that it had mailed Allen a notice of cancellation for nonpayment of premiums on September 3, 1986. Allen claimed that, during one of the first days of September, she had received a balance due notice but not a notice of cancellation.

The factual issues which the judge presented to the jury were whether the cancellation notice was mailed and whether Allen received it. Pursuant to the verdict form, the jury found that State Farm mailed the cancellation notice. However it could not decide whether Allen received it. The court found that, as a matter of law, Allen had received the notice. It entered judgment in favor of State Farm relying on the presumption of receipt contained in MCL 500.3020(4); MSA 24.13020(4).

On appeal, defendants claim the court erred in entering judgment in favor of plaintiff. They contend that, because the jury could not decide whether Allen received the cancellation notice, State Farm failed to carry its burden of persuasion.

The statutory presumption did not shift the burden of persuasion. The risk of nonpersuasion remained with State Farm.

Defendants also argue that the jury instructions improperly shifted the burden of persuasion to Allen.

By statute, a casualty insurance policy must include a provision that the policy may be cancelled at any time by the insurer upon not less than ten days' written notice. Mailing of the notice is prima facie proof of notice. MCL 500.3020(1)(b), (4); MSA 24.13020(1)(b), (4). An insured must receive actual notice of cancellation, and the act of mailing the notice creates a rebuttable presumption that the insured received the notice. *Koopman v Logan,* 93 Mich App 252, 255; 286 NW2d 872 (1979).

The issue in this case is what becomes of the presumption once the defendant has put forth evidence to meet it.

In 1978, Michigan adopted MRE 301 which provides:

> In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.

The Supreme Court clarified this confusing area of the law in *Widmayer v Leonard,* 422 Mich 280; 373 NW2d 538 (1985). It explained that MRE 301 is based on the "Thayer" theory of presumptions which describes a presumption as a procedural device which regulates the burden of going forward with the evidence. The presumption is dissipated once substantial evidence has been submitted by its opponents. *Widmayer,* 286-287. The judge makes all determinations as to the existence of the presumption and need charge the jury only regarding the burden of proof and the effect of circumstantial evidence. *Widmayer,* 288.

In *Widmayer,* the Court overruled its prior decision in *In re Wood Estate,* 374 Mich 278; 132 NW2d 35 (1965). *Wood* required that the jury be instructed as to the existence of the presumption and allowed to make the necessary inference, even in the face of rebutting evidence.

In this case, the verdict form submitted to the jurors allowed them three choices:

> 1. We, the jury, find that the cancellation was sent by State Farm and received by Bridgett Allen.
>
> or
>
> 2. We, the jury, find that the cancellation notice either was not sent by State Farm or was not received by Bridgett Allen.
>
> or
>
> 3. We, the jury, find that the cancellation notice was mailed by State Farm. However, we cannot decide upon which side the evidence preponderates as to whether it was received by Bridgett Allen.

The jurors were also instructed in part:

> You may find that the cancellation letter was mailed, but can't decide upon which side the evi-

> dence preponderated as to receipt of the cancellation, but if you find the cancellation letter was mailed, then as a matter of law it is presumed Bridgett Allen received the cancellation.
>
> *  *  *
>
> If you find that State Farm has met its burden of proof that a notice of cancellation was mailed on September 3 of 1986, then you are to determine whether Bridgett Allen actually received the cancellation notice
>
> It is her burden to prove by a preponderance of the evidence that she did not.

These instructions were based on the proposed instructions in *Wood.* They serve here to illustrate the confusion caused by the presumption and the difficult problem juries encounter in properly evaluating it, as was recognized in *Widmayer.*

We find that, under MRE 301, the last part of the instruction was incorrect. Allen does not have the burden of proving that she did not receive the notice. Moreover, pursuant to *Widmayer,* it is improper for the judge to instruct the jury regarding the presumption once the defendant has presented evidence sufficient to rebut it.

Thus, before formulating jury instructions, the judge must decide if the defendant has presented evidence sufficient to rebut a presumed fact. If the defendant has succeeded, then the judge should not instruct the jury regarding the presumption: it no longer exists. It has, instead, become a permissible inference on the same level as any inference from the facts. Rather, the judge should instruct the jury about the burden of proof and the underlying facts. *Widmayer,* 288-289.

In this case, the judge also erred by giving an option to the jury of deciding that neither side preponderated with respect to whether Allen received notice of insurance cancellation. If the evi-

dence, including all the permissible inferences, did not show by a preponderance that Allen received the notice, then State Farm did not carry its burden of proof. However, we do not conclude that defendants are entitled to judgment. Given that the instructions did not correctly state the law, we find that retrial is warranted.

Reversed and remanded for a new trial. We do not retain jurisdiction.