PRICE v BLOOMFIELD TOWNSHIP

Docket No. 220285. Submitted October 18, 2000, at Detroit. Decided January 26, 2001, at 9:05 A.M. Leave to appeal sought.

John Price, a Bloomfield Township police officer, sought worker's compensation benefits from the township and its insurer, claiming that unusual job stress resulted in aggravation of his cardiovascular problems. A magistrate found applicable the presumption in MCL 418.405(2); MSA 17.237(405)(2), which provides that, in the absence of evidence to the contrary, certain respiratory and heart diseases or illnesses resulting therefrom suffered by certain police officers and firefighters are work-related. However, the magistrate found that the plaintiff was not entitled to benefits because the record contained the requisite evidence to the contrary and did not establish that the plaintiff's condition was work-related. The Worker's Compensation Appellate Commission (WCAC) reversed the magistrate's decision, reasoning that evidence that the plaintiff had risk factors for heart disease was insufficient to rebut the presumption. The Court of Appeals denied the defendant's application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 460 Mich 852 (1999). The order directed the Court of Appeals to address and decide the question whether the decision relied on by the WCAC, *Schave v Dep't of State Police*, 58 Mich App 178 (1975), is consistent with the legislative intent as embodied in subsection 405(2).

The Court of Appeals *held*:

1. The Court in *Schave* did not appropriately interpret the statutory presumption of work-relatedness. The order of the WCAC must be reversed and the order of the magistrate must be reinstated.

2. The Legislature did not intend that subsection 405(2) would shift the burden of proof to the employer in cases where it applies. The presumption removes the police officers' and firefighters' otherwise initial burden of coming forward with evidence to show that a physical injury resulting from certain respiratory and heart diseases was work-related in the sense that it arose out of and in the course of employment. However, once the employer comes forward with evidence by which a factfinder might conclude that the

injury did not result from the employment, the presumption has no continuing effect. The determination whether the police officer or firefighter has met the burden of proving that the injury arose out of and in the course of employment is then tested using the same principles applicable to any other employee.

3. The WCAC erred in applying *Schave*'s misinterpretation of the presumption as shifting the burden of proof of work-relatedness from employees to employers in cases where the presumption applies.

4. The record supports the magistrate's determination.

Reversed.

WORKER'S COMPENSATION — POLICE OFFICERS — FIREFIGHTERS — WORK-RELATED INJURIES — PRESUMPTIONS.

The presumption in subsection 405(2) of the Worker's Disability Compensation Act providing that, in the absence of evidence to the contrary, certain respiratory and heart diseases suffered by certain police officers and firefighters are work-related removes from such employees the otherwise initial burden of coming forward with evidence to show that such a physical injury arose out of and in the course of employment and was work-related; the presumption does not shift the burden of proof to the employer and, therefore, once the employer comes forward with evidence by which a factfinder might conclude that the physical injury did not result from the employment, the presumption has no continuing effect and the employee has the burden of proving that the injury was work-related (MCL 418.405[2]; MSA 17.237[405][2]).

*Glotta, Skutt & Associates, P.C.* (by *Ronald D. Glotta*), for the plaintiff.

*Galbraith & Booms* (by *Raymond A. Booms*), for the defendants.

Amicus Curiae:

*Sachs, Waldman, O'Hare, Helveston, Bogas & McIntosh, P.C.* (by *Ronald R. Helveston* and *Granner S. Ries*), for the Michigan Professional Fire Fighters Union.

Before: BANDSTRA, C.J., and SAAD and METER, JJ.

Bandstra, C.J. This case has been remanded by our Supreme Court for consideration as on leave granted. 460 Mich 852 (1999). Defendants appeal a decision entered on December 22, 1997, by the Worker's Compensation Appellate Commission (WCAC) reversing a decision of the magistrate and awarding benefits to plaintiff. The WCAC decision was based on *Schave v Dep't of State Police*, 58 Mich App 178; 227 NW2d 278 (1975). The remand order asks us to consider whether *Schave* correctly interpreted the presumption found in MCL 418.405(2); MSA 17.237(405)(2) (subsection 405[2]) that certain respiratory and heart diseases or illnesses resulting therefrom suffered by police officers and firefighters are work-related. We conclude that *Schave* was wrongly decided, and we reverse the decision of the WCAC.

Plaintiff works as a police officer for defendant Bloomfield Township. By petition filed on October 8, 1990, plaintiff claimed that unusual job stress resulted in aggravation of cardiovascular problems. At trial, plaintiff testified that his job involved considerable stress and identified two specific incidents that he claimed had led to or aggravated his cardiovascular problems. On January 1, 1989, he had been required to train a new partner. On that same day, he was required to patrol a larger area because of an equipment shortage. During the day, plaintiff experienced a dull ache in his chest. The next day he was admitted to the hospital and was diagnosed as having suffered a heart attack.

Plaintiff returned to work on March 6, 1989. He was off work for a month beginning in late March 1989 after experiencing chest pain during an at-home physical therapy exercise regimen. On April 20, 1990,

plaintiff was involved in a high-speed chase, resulting in a three-day suspension. Plaintiff testified that the suspension made him bitter because his work record had previously been free of disciplinary action. Eventually, the suspension was removed from plaintiff's record. Plaintiff underwent bypass surgery in August 1990. He returned to work on November 19, 1990, and resumed his regular duties. Plaintiff was working for Bloomfield Township at the time of trial.

The magistrate denied benefits. The magistrate found that the presumption in MCL 418.405(2); MSA 17.237(405)(2) applies in this case.[1] The subsection 405(2) presumption states that certain respiratory and heart diseases or illnesses suffered by police officers and firefighters are deemed to have arisen out of and in the course of employment "in the absence of evidence to the contrary." The magistrate found that, although plaintiff was entitled to application of the presumption, he was not entitled to benefits because the requisite evidence to the contrary was submitted and the record did not establish that the plaintiff's condition was work-related. The magistrate stated:

> In this case, all of the medical experts deposed and the St. Joseph/Mercy Hospital records . . . indicate that petitioner has heart damage as a result of his heart attacks. Accordingly, Petitioner has met the first prong of the test in *Miklik v Michigan Special Machine Co*, 415 Mich 364; 329 NW2d 713 (1982).
>
> But, they also indicate that petitioner suffers from a number of risk factors that contributed to his condition, namely his multiple-year duration of hypertension, his elevated cho-

---

[1] Application of the subsection 405(2) presumption depends on factors related to when physical problems manifest themselves and whether pension benefits have been awarded, none of which are at issue here. See MCL 418.405(1), (3); MSA 17.237(405)(1), (3).

lesterol level and his genetic predilection toward heart disease. *Farrington v Total Petroleum Inc*, 442 Mich 201; 501 NW2d 76 (1993) requires these factors to be considered as well.

The second prong of the *Miklik* test noted several examples that courts can follow in evaluating the factors of employment which may be connected to the heart damage. The examples included temporal proximity of the cardiac episodes to the work experience, hot and dusty conditions, repeated return to work after a cardiac episode and mental stress.

Plaintiff's own testimony does not substantiate a finding in accordance with this second prong as it relates to the January 1, 1989 claimed injury date. Plaintiff said unequivocally on cross-examination that the work events on January 1, 1989 were routine not unusual or strenuous, albeit he had a new partner. He said he had a cold or upper respiratory infection for a week prior to January 1, 1989. Also, at trial and in the history to a medical expert he said he had chest pains even before roll call that day and although he left work early that day, he did not go to the hospital until 6:00 or 7:00 A.M. and he was not admitted until 1:00 P.M. This scenario negates a finding that his work contributed to his first heart attack per *Miklik* and the evaluators for a work-related heart condition outlined by *Kostamo v Marquette Iron Mining Co*, 405 Mich 105; 274 NW2d 411 (1979).

Further, the treating physician, Dr. [Michael] Klein based his opinion of a work-related heart disease on general descriptions of stress of job duties as a police offer [sic] rather than specific incidents at work that had temporal proximity to work. *Id.* In fact, the claimed causal nexus of the August 25, 1990 date alleged was even farther from the April 20, 1990 police chase and subsequent suspension. The incidents are too stretched here to be compensable, particularly, considering the intervening episode in March of 1989, that Plaintiff is not claiming to be work related.

Even if it were conceded that petitioner suffered stress in his employment based on his testimony, a reasonable cause and effect linkage between specific work related incidents or events and the myocardial infarction is not proven, the

> allegations of stress are of the most general nature, lacking the specificity required by *Chadwick v County of Macomb, Sheriffs Department,* [1988 WCABO 536] and *Miklik, supra.* Failing to establish a reasonable causal link with work related events, eliminates a basis for a finding of compensability by this trier of fact pursuant to [MCL 418.301(2); MSA 17.237(301)(2)].
>
> Neither medical expert is especially persuasive in this matter. Plaintiff's expert would have to have been considerably more specific regarding work relationship to compensate for the myriad of the evidence presented that does not support compensability.

The Supreme Court precedent of *Farrington,* relied on by the magistrate, construed MCL 418.301(2); MSA 17.237(301)(2), which states in pertinent part that "conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner."[2] The magistrate concluded that plaintiff had failed to prove he has a work-related heart or cardiovascular condition "using the significant contribution standard or a lesser standard."

The WCAC reversed the decision of the magistrate and awarded benefits. The WCAC noted that in *Schave, supra* at 185, this Court interpreted subsection 405(2) as follows:

> We therefore interpret the meaning of "evidence to the contrary" in the context of this statute to require that in order to rebut the presumption, the defendant is required to produce evidence of non-work-related causation. The pre-

---

[2] *Kostamo* and *Miklik,* also relied on by the magistrate, articulated a standard substantially identical to that found in MCL 418.301(2); MSA 17.237(301)(2) for determining when heart disease would be compensable. See *Miklik, supra* at 370; *Kostamo, supra* at 116.

sumption cannot be rebutted merely by evidence of preexisting heart disease, nor by medical opinion that the occupation had no effect on the weakened heart.

The WCAC further noted that *Schave* has been interpreted so as to require "affirmative proof of nonoccupational causation" or "positive proof of a cause independent of the employment," citing 1A Larson, Workmen's Compensation Law, § 41.72(a)(1), pp 7-664—7-666 (discussing the presumption and incorporating the reasoning in *Schave*). The WCAC reasoned that evidence that plaintiff had risk factors for heart disease was insufficient to rebut the presumption. Defendants' witness, Dr. Robert Gerisch, opined only that plaintiff's employment was not causally related to his heart disease. Under *Schave*, this opinion evidence was considered insufficient to rebut the presumption.

We agree with the WCAC that, applying *Schave*, plaintiff was entitled to benefits. However, our task is to consider whether *Schave* appropriately interpreted the statutory presumption of work-relatedness. We conclude that *Schave* did not.

A presumption is a procedural device that regulates the burden of proceeding with the evidence. *State Farm Mut Automobile Ins Co v Allen*, 191 Mich App 18, 22; 477 NW2d 445 (1991).

> [A] presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast. [MRE 301.]

In other words, a presumption is dissipated once substantial evidence is submitted by its opponent. *Isa-*

*bella Co Dep't of Social Services v Thompson*, 210 Mich App 612, 615; 534 NW2d 132 (1995). "If, however, there is evidence adduced by the opposing side of the non-existence of the presumed fact, the presumption falls. It serves no further function." Dubin & Weissenberger, Michigan Evidence: 1995 Courtroom Manual, p 45.

We presume that the Legislature was aware of the legal effect of a "presumption" when it enacted subsection 405(2). *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993); see also *Gardner v Van Buren Public Schools*, 445 Mich 23, 48; 517 NW2d 1 (1994). We thus conclude that the Legislature did not intend that this section would shift the burden of proof to the employer in cases where it applies.

The benefit conferred on employees by this section, while substantial, is not so far-reaching. An employee seeking worker's compensation benefits must ordinarily come forward with evidence to show that a physical injury was work-related in the sense that it arose out of and in the course of employment. MCL 418.301; MSA 17.237(301). The presumption at issue here removes that initial burden for police officers and firefighters who can seek benefits merely on a showing that their physical injuries manifested themselves during their employment in those capacities. However, once the employer comes forward with evidence by which a factfinder might conclude that the physical injury did not result from the employment, i.e., "evidence to the contrary," the presumption has no continuing effect. Whether the police or firefighter employee has proved that the injury arose out of and in the course of employment is then tested using the same principles applicable to any other employee.

The WCAC apparently understood *Schave* as shifting the burden of proof of work-relatedness from employees to employers in cases where the statutory presumption applies. The WCAC explicitly concluded that "under *Schave*, it was error for the magistrate to allow the burden of proof to remain plaintiff's." For the foregoing reasons, this was a misapplication of the presumption. Defendant came forward with evidence that plaintiff's physical problems were not work-related, but were instead the result of general risk factors.[3] On the basis of that evidence, a reasonable factfinder could conclude that plaintiff's problems did not arise out of and in the course of work. Thus, plaintiff had the burden of proving that, in fact, they did.

By not applying *Schave*, the magistrate here took this correct approach. Accordingly, the WCAC's review of the magistrate's decision should properly have been limited to a determination whether the factual findings made with regard to this question were supported by "competent, material, and substantial evidence . . . ." *Goff v Bil-Mar Foods, Inc (After Remand)*, 454 Mich 507, 513; 563 NW2d 214 (1997). If they were, "then the WCAC may not substitute its judgment for that of the magistrate notwithstanding either the reasonableness or the adequacy of the commission's conclusion." *Id.* at 514.

We have carefully reviewed the record in this case as well as the reasoning employed by the magistrate, much of which we have quoted above. We conclude that the magistrate properly applied the special stat-

---

[3] This is the kind of evidence that *Schave* considered necessarily insufficient to rebut the presumption. We see no such limitation flowing from the statute's use of broad "evidence to the contrary" language.

ute applicable in this heart disease case, MCL 418.405(2); MSA 17.237(405)(2), and that she properly analyzed whether plaintiff sustained his burden of proof regarding work-relatedness under that statute. Further, we conclude that the magistrate's factual determinations were supported by the requisite evidence under *Goff.* Accordingly, we conclude that the magistrate's decision should not have been reversed by the WCAC, and we reinstate the magistrate's decision denying plaintiff benefits.[4]

We reverse.

---

[4] In light of this decision, we need not consider the other issues raised by defendants on appeal.