654 N.W.2d 97 (2002)
John PRICE, Plaintiff-Appellant,
v.
BLOOMFIELD TOWNSHIP and Great American Insurance Company, Defendants-Appellees.
No. 118860, COA No. 220285.
Supreme Court of Michigan.
December 11, 2002.
On order of the Court, the delayed application for leave to appeal from the January 26, 2001 decision of the Court of Appeals and the motion to file brief amicus curiae are considered. The motion to file brief amicus curiae is GRANTED. Pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we REVERSE that portion of the Court of Appeals' judgment that reinstates the magistrate's decision and REMAND this case to the Court of Appeals. Under the panel's interpretation of M.C.L. § 418.405(2), the defendant had the initial burden to produce evidence that the injury did not result from the employment, i.e., "evidence to the contrary," and if the defendant met that burden, plaintiff then had the burden of going forward to produce evidence that the injury arose out of and in the course of employment. Because there was conflicting medical evidence below, it was error to simply reinstate the magistrate's decision denying benefits. On remand, the Court of Appeals is DIRECTED to vacate the Commission's decision and remand the case to that body for it to apply the legal principles outlined in the Court of Appeals decision and to make such findings of fact necessary, if any, to a proper disposition. Mudel v. Great Atlantic & Pacific Tea Co., 462 Mich. 691, 614 N.W.2d 607 (2000). In all other respects, leave to appeal is DENIED.
The dissent criticizes the majority for "peremptorily affirming the Court of Appeals overruling of Schave," post at 98. However, we do not address the merits of the Court of Appeals overruling of Schave in this order. Instead, we only address whether the Court of Appeals, having determined that the WCAC erred, itself erred in reinstating the magistrate's decision, rather than remanding to the WCAC for the latter agency to apply the legal principles outlined in the Court of Appeals' decision. We conclude that the Court of Appeals did err because, after it outlined these principles, it should have remanded to the WCAC for their application, rather than reinstating the magistrate's decision, which denied benefits to the claimant.
MARILYN J. KELLY, J., dissents and states as follows:
By mere order today, the Supreme Court affirms the reversal of law established over twenty-five years ago and significantly increases the burden on a worker's compensation claimant.
This case has a long procedural history. First, a magistrate denied benefits to Mr. Price. On appeal, the Worker's Compensation Appellate Commission reversed the decision, relying on Schave v. Michigan State Police, 58 Mich.App. 178, 227 N.W.2d 278 (1975). The Court of Appeals then denied leave to appeal. On appeal to the Supreme Court, the case was remanded for a determination whether Schave was consistent with legislative intent. The Court of Appeals then concluded that Schave had been wrongly decided.
By affirming that ruling today, this Court has increased Mr. Price's burden of proof. It is an important change in worker's compensation law, one that deserves full review by the highest court, not peremptory action.
*98 The relevant statute, M.C.L. § 418.405, applies to police officers such as plaintiff. Under it "personal injury" includes respiratory and heart diseases that manifest themselves during an officer's active service and result from the performance of employment duties. It also includes a presumption that such diseases "are deemed to arise out of and in the course of employment in the absence of evidence to the contrary." MCL 418.405(2).
The presumption of a work-related injury was first discussed in 1975 in Schave. That case concerned the meaning of the phrase "in the absence of evidence to the contrary." The Court of Appeals held that the presumption could not be rebutted merely by evidence of a preexisting condition or testimony that employment had no effect on the injury. Instead, to rebut the statutory presumption, the defendant was required to produce evidence of non-work-related causation. Schave, supra at 185, 227 N.W.2d 278.
The Court of Appeals has rejected Schave's findings, concluding that a lower level of proof is required to rebut the presumption. It held that (1) the presumption is rebutted by evidence from which a factfinder might conclude that the injury did not result from employment, and (2) after the presumption has been rebutted, the claimant is required to show that the injury arose out of employment in accordance with M.C.L. § 418.301.
This Court should grant leave to appeal for the purpose of fully examining whether Schave erred in requiring affirmative proof of non-work-related causation. There is nothing extraordinary in requiring a specific showing to rebut a presumption. For example, in Hazle v. Ford Motor Co,[1] we ruled that, to articulate a legitimate, nondiscriminatory reason for an employment decision, the defense must do more than answer a complaint or present argument of counsel. Moreover, the Schave requirement appears to be faithful to the legislative intent behind M.C.L. § 418.405, which is to provide compensation where an injured officer is not eligible for a pension. See Achtenberg v. East Lansing, 421 Mich. 765, 771-772, 364 N.W.2d 277 (1985).
I also question the Court of Appeals reliance on M.C.L. § 418.301. MCL 418.405 contains a presumption, not present in M.C.L. § 418.301, that establishes a causal link between employment and an injury. Given this difference, it is not clear that M.C.L. § 418.301 has any applicability in determining the scope of the presumption in M.C.L. § 418.405(2). Nor is it clear that M.C.L. § 418.301 applies once a defendant produces evidence rebutting the presumption of a work-related injury.
Rather than peremptorily affirming the Court of Appeals overruling of Schave, I would grant leave to determine (1) the level of proof necessary to rebut the presumption of M.C.L. § 418.405 and (2) whether M.C.L. § 418.301 governs a claimant's burden of proving a work-related injury after the presumption is rebutted.
MICHAEL F. CAVANAGH, J., concurs in the statement of MARILYN J. KELLY, J.
NOTES
[1] 464 Mich. 456, 464-465, 628 N.W.2d 515 (2001).