ISABELLA COUNTY DEPARTMENT OF SOCIAL SERVICES v
THOMPSON

Docket No. 171875. Submitted February 15, 1995, at Grand Rapids.
Decided April 6, 1995; approved for publication May 16, 1995,
at 9:00 A.M.

The Isabella County Department of Social Services, on behalf of
Candance Deller, a recipient of Aid to Families with Dependent
Children, brought a paternity action in the Alcona Circuit
Court against Guy I. Thompson. After the plaintiff offered
evidence of a blood test and a deoxyribonucleic-acid test indicat-
ing the probability of paternity at rates higher than ninety-
nine percent and the defendant denied ever having sexual
intercourse with Deller and offered the results of his polygraph
examination, the court, John F. Kowalski, J., granted summary
disposition for the plaintiff, ruling that there existed no genu-
ine issue of material fact and the plaintiff was entitled to a
judgment as a matter of law. The defendant appealed.

The Court of Appeals *held:*

Section 6(5) of the Paternity Act, MCL 722.716(5); MSA
25.496(5), provides that paternity shall be presumed where
blood or tissue-typing tests indicate ninety-nine percent or
greater probability of paternity and places on the putative
father the burden of rebutting the presumption. An unrebutted
presumption can form the basis for a directed verdict or sum-
mary disposition in favor of the plaintiff.

In this case, the defendant failed to present substantial
evidence rebutting the presumption of paternity.

Affirmed. ·

PARENT AND CHILD — PATERNITY — STATUTORY PRESUMPTION.

In proceedings under the Paternity Act, paternity is presumed
where blood or tissue-typing tests indicate ninety-nine percent

REFERENCES

Am Jur 2d, Bastards § 118.

Admissibility, weight and sufficiency of human leukocyte antigen
(HLA) tissue typing tests in paternity cases. 37 ALR4th 167.

Admissibility and weight of blood-grouping tests in disputed pater-
nity cases. 43 ALR4th 579.

Admissibility of DNA identification evidence. 84 ALR4th 313.

or greater probability of paternity by the putative father; the burden of rebutting the presumption is on the putative father; failure to rebut the presumption can form the basis of a directed verdict or summary disposition in favor of the plaintiff (MCL 722.716[5]; MSA 25.496[5]).

*Larry J. Burdick,* Prosecuting Attorney, and *Janice W. Terry,* Assistant Prosecuting Attorney, for the plaintiff.

*J. Russell Hughes, Jr.,* for the defendant.

Before: NEFF, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Defendant appeals as of right from the trial court's order granting plaintiff's motion for summary disposition on the issue of paternity, finding that defendant is the father of the child, Brandon Deller, born to Candance Deller, an Aid to Families with Dependent Children (AFDC) recipient. Defendant asserts that he rebutted the statutory presumption of paternity established by blood typing when he denied, under oath, that he had sexual intercourse with Candance Deller, and Deller could not remember the act of penetration. We affirm.

The facts of this case are rather unique. In October 1988, Candance Deller discovered during a doctor's visit that she was five months' pregnant, but she had no memory of the fetus' conception, which was estimated to have occurred in May 1988. The child, Brandon, was born in March 1989. Candance Deller did not designate the name of Brandon's father on the baby's birth certificate. When she applied for assistance, plaintiff required her to disclose the name of Brandon's father as a precondition to receiving assistance.

After receiving spiritual counseling from her pastor's wife, Candance began to remember trau-

matic incidents of sexual abuse that had occurred in the past. She remembered that her father had sexually abused her, but she also knew that he had a successful vasectomy before the spring of 1988. Candance also began to remember an incident of sexual intercourse that occurred when the weather was warm and she had gone for a ride with defendant on his three-wheel all-terrain vehicle (ATV). She remembered defendant looking at her in a strange manner, then disrobing her and pushing her backward over the rack on the ATV. Although she did not remember the act of penetration, she recalled experiencing physical pain and feeling defendant breathing very hard on her face.

Defendant, who denied having sexual intercourse with Candance Deller, submitted to two separate blood tests. MCL 722.716; MSA 25.496. Pursuant to § 6(5) of the Paternity Act, MCL 722.716(5); MSA 25.496(5):

> If the probability of paternity determined by the qualified person described in subsection (2) is 99% or higher, *paternity shall be presumed. The burden of proof is upon the alleged father to rebut the presumption.* If 2 or more persons are determined to have a probability of paternity of 99% or higher, paternity shall be presumed for the person with the highest probability. [Emphasis added.]

The 1990 blood test established the probability of paternity at 99.453%, and the 1992 deoxyribonucleic acid (DNA) test established the probability of paternity at 99.96%. On the basis of these blood tests, plaintiff moved for and was granted summary disposition pursuant to § 6(5) of the Paternity Act and MCR 2.116(C)(10). On appeal, defendant argues that the rebuttable presumption established in § 6(5) cannot result in summary disposition under MCR 2.116(C)(10) in light of Candance

Deller's lack of memory regarding the act of penetration and defendant's denial that he had sexual
intercourse with her. We find that summary disposition was appropriate in this case because defendant failed to present substantial evidence to rebut
the statutory presumption of paternity.

The trial court must determine whether, as a
matter of law, a presumption exists. *Widmayer v
Leonard*, 422 Mich 280, 288; 373 NW2d 538 (1985);
*Allen v Keating*, 205 Mich App 560; 517 NW2d
830 (1994). On appeal, this Court reviews questions
of law and the grant of summary disposition motions de novo. *Cardinal Mooney High School v
Michigan High School Athletic Ass'n*, 437 Mich 75,
80; 467 NW2d 21 (1991); *AFSCME v Dep't of
Mental Health*, 206 Mich App 382, 386-387; 522
NW2d 657 (1994).

MRE 301, entitled "Presumptions in Civil Actions and Proceedings," explains the effect of rebuttable presumptions:

> In all civil actions and proceedings not otherwise
> provided for by statute or by these rules, a pre
> sumption imposes on the party against whom it is
> directed the burden of going forward with evidence
> to rebut or meet the presumption, but does not
> shift to such party the burden of proof in the sense
> of the risk of nonpersuasion, which remains
> throughout the trial upon the party on whom it
> was originally cast.

In short, a presumption is a procedural device that
regulates the burden of proceeding with the evidence. *State Farm Mutual Automobile Ins Co v
Allen*, 191 Mich App 18, 22; 477 NW2d 445 (1991).
The presumption is dissipated, however, once substantial evidence has been submitted by its opponent. *Id.*, citing *Widmayer, supra* at 286-287.

In *Widmayer*, our Supreme Court clarified some

confusion in the law regarding presumptions and the effect of MRE 301:

> [I]f the jury finds a basic fact, they must also find the presumed fact unless persuaded by the evidence that its nonexistence is more probable than its existence.
>
> We so hold because we are persuaded that the function of a presumption is solely to place the burden of producing evidence on the opposing party. It is a procedural device which allows a person relying on the presumption to avoid a directed verdict, and *it permits that person a directed verdict if the opposing party fails to introduce evidence rebutting the presumption.* [422 Mich 289. Emphasis added.]

Thus, an unrebutted presumption can form the basis for a directed verdict or summary disposition in favor of the moving party.

Applying the law to the facts of this case, we find that defendant failed to present substantial evidence rebutting the presumption of paternity. *Widmayer, supra* at 288-289; *Allen, supra.* Despite Candance Deller's inability to specifically recall the act of penetration resulting in Brandon's conception, she testified at her deposition that she recalled the sexual assault that defendant committed against her. Although the trial court found that her deposition testimony alone "would not be enough to convince this Court that a pretrial adjudication would be appropriate," the court correctly held that "the results of the blood tests remove any factual question from the mind of this Court, and the resulting legal presumption created by those blood tests dictate the resolution of this Motion, and this case." Indeed, pursuant to § 6(5) of the Paternity Act, defendant's two blood tests established the statutory presumption of paternity.

Defendant's mere assertion that he never penetrated or engaged in the act of sexual intercourse with Candance Deller is not sufficient to overcome this presumption,[1] and the results of defendant's polygraph examination were not, and could not, be considered as evidence to rebut the presumption based upon defendant's blood and DNA tests.

Because defendant was unable to produce substantial evidence to dissipate the presumption of paternity established pursuant to § 6(5) of the Paternity Act, we find that no genuine issue of material fact existed regarding defendant's paternity of Brandon Deller. Thus, summary disposition was properly granted in favor of plaintiff pursuant to MCR 2.116(C)(10).

Affirmed.

---

[1] Indeed, we believe that no citation of authority is necessary for the proposition that penetration is unnecessary to impregnate a woman. Also, defendant cites no support for his contention that Candance Deller's suppressed memory and her inability to specifically recall the act of penetration or the child's conception somehow rebuts or negates the statutory presumption of paternity contained in § 6(5) of the Paternity Act.