HINES v VOLKSWAGEN OF AMERICA, INC

Docket No. 246307. Submitted April 6, 2004, at Detroit. Decided March 15, 2005, at 9:05 a.m.

Shari Hines brought an action in the Wayne Circuit Court against Volkswagen of America, Inc., and Livonia Volkswagen, Inc., seeking relief under Michigan's lemon law, MCL 257.1401 *et seq.*, for repeated mechanical problems she had with her new and leased Volkswagen Beetle. The court, John H. Gillis, Jr., J., granted summary disposition for the plaintiff on the basis that the car had been out of service for over thirty days and awarded her damages, attorney fees, and costs. Volkswagen of America, Inc., appealed on the basis that there were issues of material fact not decided by the court, which issues precluded summary disposition.

The Court of Appeals *held*:

The trial court erred in granting summary disposition for the plaintiff because the court failed to make the inquiries required by MCL 257.1403 before granting summary disposition. It determined that the car had been out of service for thirty days, but did not address whether the out-of-service time was for the same defect or condition or whether the repair attempts of the manufacturer's agent were successful. The service records do indicate that the plaintiff lodged numerous complaints, but they do not make clear that a defect or condition affecting the use or value of the vehicle could be verified, that the same defect or condition was at issue each time the plaintiff complained, or that the defect or condition continued to exist. These genuine issues of material fact preclude summary disposition for the plaintiff.

Reversed and remanded for further proceedings.

AUTOMOBILES — LEASED VEHICLES — LEMON LAW — VEHICLE OUT OF SERVICE.

The lemon law allows relief to an aggrieved plaintiff on the basis of the vehicle being out of service for thirty days or more because of a continuing defect or condition during the shorter of the manufacturer's warranty or the first year of ownership; a presumption arises that the vehicle has been subjected to a reasonable number of repairs for the defect or condition if the consumer reported the

defect or condition that affected the value or use of the vehicle to the manufacturer after it was out of service for at least twenty-five days, the vehicle was delivered to a manufacturer-designated, reasonably accessible repair facility for repair within five days, and the defect or condition continued to exist after that period ended (MCL 257.1403[5][b]).

*Consumer Legal Services, P.C.* (by *Mark Romano* and *Christopher A. Winkler*), for the plaintiff.

*Bowman and Brooke LLP* (by *Ronald C. Wernette, Jr.*) for the defendants.

Before: WILDER, P.J., and HOEKSTRA and KELLY, JJ.

WILDER, P.J. Volkswagen of America, Inc. (hereafter defendant), appeals as of right a judgment and award of attorney fees and costs in favor of plaintiff in this action involving a claim under the Michigan warranties on new motor vehicles act or "lemon law," MCL 257.1401 *et seq.*[1] We reverse and remand for further proceedings.

I

On January 30, 2001, plaintiff leased a 2001 Volkswagen Beetle from Livonia Volkswagen, Inc. (dealership). Defendant manufactured the vehicle. Under the lease agreement, plaintiff paid $4,574.84 at the inception of the lease. Plaintiff agreed to pay the balance in sixty-two payments of $275.84. The vehicle was delivered with a standard manufacturer's warranty. Approximately three months after she took possession of the vehicle, plaintiff began experiencing trouble with

---

[1] Although the caption to this appeal also lists Livonia Volkswagen, Inc., as an appellant, judgment was entered below only against Volkswagen of America, Inc., as the manufacturer of the vehicle in question.

the vehicle's engine. On March 12, 2001, plaintiff had the vehicle towed to the dealership after the vehicle stalled and would not restart. The dealership ordered an engine computer module, and the vehicle was out of service for thirty-nine days because the module had to be ordered. Soon after the repair, plaintiff complained that the vehicle had the same problem and, on May 4, 2001, plaintiff drove the vehicle to the dealership, complaining that the vehicle's electronic power control (EPC) indicator light flashed on. When the dealership investigated, no problems other than a cracked headlight were found. The cracked headlight was replaced. On May 21, 2001, plaintiff had the vehicle towed to the dealership, complaining that the vehicle ran roughly and the EPC and "check engine" lights came on when the car accelerated over forty miles an hour. The dealership reset the vehicle's diagnostic trouble codes and a technician informed plaintiff that the problem occurred because she drove the vehicle through water. On May 31, 2001, plaintiff drove the vehicle to the dealership for service, complaining that the "check engine light" was on, the car ran roughly, and the fuel filler door would not open. The vehicle was serviced and was ready for pick up the next day.

In a letter dated June 6, 2001, and sent by certified mail, plaintiff notified defendant of the problems she had with the vehicle. Plaintiff's letter provided:

> I leased a 2001 Volkswagen Beetle on January 30, 2001 from Livonia Autoplex. The identification number is 3VWCD21C81M432632. Since purchasing this vehicle I have had to take it in for service four separate times because the engine runs rough. As of today, this problem still exists and it has been out of service now for a total of forty-three (43) days. This amount of time is completely unacceptable.

Please contact me to arrange a date and time where you
will fix my car for the last time.[2]

On June 29, 2001, plaintiff drove to the dealership for
service, complaining that the vehicle had shifting prob-
lems and stalled while sitting at traffic lights.[3] However,
the dealership was unable to find any problems in the
diagnostic trouble codes or duplicate the problem when
a technician and plaintiff took the vehicle for a test
drive. Nonetheless, plaintiff's "throttle" and transmis-
sion were reset to "basic." Plaintiff never brought the
vehicle to the dealership for service after June 29, 2001.

On July 11, 2001, plaintiff filed a thirteen-count
complaint against the dealership and the manufacturer
under various theories. Under the trial court's schedul-
ing order, discovery was to be completed by February
20, 2002. On March 8, 2002, plaintiff filed a motion for
summary disposition under MCR 2.116(C)(10) based
solely on her lemon law claim, which asserted that
defendant had been given the opportunity to repair
defects in the vehicle reported by plaintiff, but had
failed to do so. Plaintiff's summary disposition motion
contended that she was entitled to judgment as a
matter of law on the bases that her vehicle had been out
of service for thirty or more days during the first year of
ownership and that the vehicle had been subject to four
or more repairs for the same defect or condition in the
first year.

Defendant opposed plaintiff's motion for summary
disposition, contending that the motion was premature

---

[2] It is not apparent on the record if defendant responded to the letter.
Plaintiff argued it did not. Defendant, on the other hand, acknowledged
receipt of the letter and claimed that it subsequently scheduled plaintiff's
vehicle for a final repair.

[3] The invoice for the June 29, 2001, service visit indicated the vehicle
had been driven 3,673 miles between January 2001 and June 29, 2001.

because discovery was not yet complete and that, even assuming that plaintiff's vehicle was out of service for forty-three days, summary disposition was precluded because there were genuine issues of material fact regarding whether the repairs to plaintiff's vehicle were for the same defect or condition and whether the defect or condition at issue continued to exist. Defendant also argued that the fact that plaintiff obtained an oil change at a nonauthorized facility raised questions of fact about the existence of the manufacturing defects alleged. Defendant also disputed whether plaintiff had established that the defect or condition "continues to exist" because the dealership did not diagnose a problem during the June 29, 2001, service visit.

Following a hearing on plaintiff's motion, the trial court granted summary disposition in favor of plaintiff on her lemon law claims. The trial court concluded that because the evidence showed that plaintiff's vehicle was out of service for thirty or more days during plaintiff's first year of ownership, plaintiff had established entitlement to recovery under the lemon law as a matter of law. The trial court denied defendant's subsequent motion for rehearing or reconsideration and urged the parties to mediate and resolve plaintiff's remaining claims. After the parties were unable to resolve these claims, plaintiff filed a motion for attorney fees and costs and also filed a motion for entry of judgment. The trial court granted plaintiff's motions, entering a judgment that awarded plaintiff damages in the amount of $9,815.50 and attorney fees and costs in the amount of $9,000. In addition, the trial court ordered defendant to either "payoff and terminate the lease . . . or pay plaintiff $19,000.00." Plaintiff and defendant stipulated the dismissal of plaintiff's remaining claims, and this appeal ensued.

II

On appeal, a trial court's grant or denial of summary disposition is reviewed de novo. *First Pub Corp v Parfet*, 468 Mich 101, 104; 658 NW2d 477 (2003). This Court must review the record in the same manner as the trial court to determine whether the movant was entitled to judgment as a matter of law. *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). "A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 259 Mich App 315, 324; 675 NW2d 271 (2003). "When deciding a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Id.* "[A] court may not weigh the evidence before it or make findings of fact; *if the evidence before it is conflicting*, summary disposition is improper." *Lysogorski v Bridgeport Charter Twp*, 256 Mich App 297, 299; 662 NW2d 108 (2003), citing *DeFlaviis v Lord & Taylor, Inc*, 223 Mich App 432, 436; 566 NW2d 661 (1997) (emphasis in original).

We also review de novo questions of statutory interpretation. When construing a statute, the Court's primary obligation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute. *Lysogorski, supra* at 300. "If the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed." *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 420; 662 NW2d 710 (2003). "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to ascertain legislative intent." *Stringwell v Ann Arbor Pub School Dist*, 262 Mich App

709, 712; 686 NW2d 825 (2004), quoting *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999) (citations omitted). In this regard, statutory language is not to be construed as ambiguous " 'merely because a reviewing court questions whether the Legislature intended the consequences of the language under review.' " *McGhee v Helsel*, 262 Mich App 221, 224; 686 NW2d 6 (2004), quoting *Colucci v McMillin*, 256 Mich App 88, 94; 662 NW2d 87 (2003). "An ambiguity can be found only where the language of a statute as used in its particular context has more than one common and accepted meaning." *McGhee, supra* at 224 (citation omitted). "Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context." *G C Timmis, supra* at 421. Thus, the various words and clauses of a statute will not be divorced from those words preceding and following. *Id.*

Generally, where attorney fees are awarded by the trial court, we review the award for an abuse of discretion. See *Stoudemire v Stoudemire*, 248 Mich App 325, 344; 639 NW2d 274 (2001). However, any questions of law that affect the determination are reviewed de novo. See *46th Circuit Trial Court v Crawford Co*, 261 Mich App 477, 486; 682 NW2d 519 (2004).

III

A

Defendant first argues that the trial court erred in granting summary disposition for plaintiff on the sole basis that plaintiff's vehicle was out of service for repairs for thirty or more days during plaintiff's first year of ownership. We agree.

MCL 257.1402 provides:

If a new motor vehicle has any defect or condition that impairs the use or value of the new motor vehicle to the consumer or which prevents the new motor vehicle from conforming to the manufacturer's express warranty, the manufacturer . . . of that type of motor vehicle shall repair the defect or condition as required under [MCL 257.1403] if the consumer initially reported the defect or condition to the manufacturer . . . within 1 of the following time periods, whichever is earlier:

(a) During the term the manufacturer's express warranty is in effect.

(b) Not later than one year from the date of delivery of the new motor vehicle to the original consumer.

MCL 257.1403 provides, in pertinent part:

(1) If a defect or condition that was reported to the manufacturer . . . pursuant to [MCL 257.1402] continues to exist and the new motor vehicle has been subjected to a reasonable number of repairs as determined under subsection (5), the manufacturer shall within 30 days, do either of the following as applicable:

\* \* \*

(b) If the new motor vehicle was leased, the consumer has the right to a *refund of the lease price paid* by the consumer. The consumer may agree to accept a comparable replacement vehicle in lieu of a refund for the lease price paid. If the consumer agrees to accept a replacement vehicle, the lease agreement shall not be altered except with respect to the identification of the vehicle.

\* \* \*

(5) *It shall be presumed that a reasonable number of attempts have been undertaken to repair a defect or condition if* 1 of the following occurs:

(a) The *same defect or condition* that *substantially impairs* the use or value of the new motor vehicle to the consumer *has been subject to repair a total of 4 or more times by the manufacturer* . . . within 2 years of the date of

the first attempt to repair the defect or condition, *and the defect or condition continues to exist.* Any repair performed on the same defect made pursuant to subsection (6) shall be included in calculating the number of repairs under this section. The consumer or his or her representative, before availing himself or herself of a remedy provided under subsection (1), and any time after the third attempt to repair the same defect or condition, shall give written notification, by return receipt service, to the manufacturer of the need for repair of the defect or condition in order to allow the manufacturer an opportunity to cure the defect or condition. The manufacturer shall notify the consumer as soon as reasonably possible of a reasonably accessible repair facility. After delivery of the vehicle to the designated repair facility, the manufacturer has 5 business days to repair the defect or condition.

(b) *The new motor vehicle is out of service because of repairs for a total of 30 or more days or parts of days* during the term of the manufacturer's express warranty, or within 1 year from the date of delivery to the original consumer, whichever is earlier. The consumer, or his or her representative, before availing himself or herself of a remedy provided under subsection (1), and after the vehicle has been out of service for at least 25 days in a repair facility, shall give written notification by return receipt service to the manufacturer of the need for repair of *the* defect or condition in order to allow the manufacturer an opportunity to cure *the* defect or condition. The manufacturer shall notify the consumer as soon as reasonably possible of a reasonably accessible repair facility. After delivery of the vehicle to the designated repair facility, the manufacturer has 5 business days to repair the defect or condition.

(6) Any repairs required to be made under this act shall be made even if the repairs need to be performed after the expiration of the manufacturer's express warranty. *The defect needing repair must be a continuation of the original attempt to repair the defect.* [Emphasis added.]

Contrary to the trial court's conclusion, a consumer may not recover under the lemon law merely by show-

ing that the new vehicle in question was out of service for repairs for thirty or more days during the term of the manufacturer's warranty or plaintiff's first year of ownership. *Computer Network, Inc, v AM Gen Corp*, 265 Mich App 309, 327-328; 696 NW2d 49 (2005). Rather, a consumer is entitled to relief under MCL 257.1403 only when the consumer shows *each* of the following: (1) *the* defect or condition was reported to the manufacturer, (2) *the* defect or condition continued to exist after it was reported to the manufacturer, *and* (3) the vehicle has been subjected to a reasonable number of repairs as provided under subsection 5.

Whether the vehicle has been subjected to a reasonable number of repairs may be shown in one of two ways. Pursuant to subsection 5(a), the "four repairs" theory, a consumer is entitled to a presumption that the vehicle has been subjected to a reasonable number of repairs when the consumer demonstrates (1) that the *same* defect or condition has been subject to repair four or more times *by the manufacturer or new motor vehicle dealer* within two years of the first repair attempt, and (2) *the* defect or condition *continues to exist*. Pursuant to subsection 5(b), the "thirty days out of service" theory, a consumer is entitled to a presumption that the vehicle has been subjected to a reasonable number of repairs when the consumer demonstrates that (1) the vehicle has been out of service for thirty or more days during the shorter of the manufacturer's warranty or the first year of ownership, (2) the consumer reported the defect or condition to the manufacturer after the vehicle was out of service for at least twenty-five days, (3) the vehicle was delivered to a manufacturer-designated, reasonably accessible repair facility to repair the defect or condition and the manufacturer had five business days to conduct the repair, and (4) the defect or condition continues to exist. However, either

presumption accorded under subsection 5 is not irrebuttable; in other words, the presumption does not rise to the level of determinations as a matter of law that there have been a reasonable number of repair attempts and that recovery under the statute is required. Rather, the presumption may be rebutted by the admission of substantial evidence to the contrary on one or more of the statutory requirements. MRE 301; *Isabella Co Dep't of Social Services v Thompson,* 210 Mich App 612, 615; 534 NW2d 132 (1995); *State Farm Mut Automobile Ins Co v Allen,* 191 Mich App 18, 22; 477 NW2d 445 (1991). Whether the evidence introduced is sufficient to rebut the presumption is a question for the trier of fact. *Widmayer v Leonard,* 422 Mich 280, 289; 373 NW2d 538 (1985).

In addition, a consumer receives no presumption under the lemon law on the basis of the reporting of *a* defect or condition. The statute permits extension of the presumption only when the *same* defect or condition reported to the manufacturer continues to exist both after having been reported to the manufacturer and after the manufacturer has attempted to repair that defect or condition during the specified five-day window. Thus, under the "four repairs" theory, a consumer is not entitled to a presumption that a reasonable number of attempts have been undertaken to repair a defect or condition when the consumer relies on the repair of different alleged defects or conditions combined to exceed four repairs. A consumer also receives no presumption under a "thirty days out of service" theory unless the vehicle is shown to be out of service for thirty or more days for the same defect or condition and the same defect or condition continues to exist.

In the present case, the trial court failed to make the inquiries required under MCL 257.1403 before granting

summary disposition for plaintiff. In granting summary disposition, the trial court did not address plaintiff's "four repairs" theory. Instead, the trial court simply found it sufficient that the vehicle had been out of service for more than thirty days for the same defect or condition (i.e., replacement of the engine control module) under plaintiff's "thirty days out of service" theory. This was error because the trial court found that plaintiff was entitled to judgment as a matter of law without first determining whether the same defect or condition plaintiff reported to defendant continued to exist after she reported the defect or condition, whether the manufacturer designated a repair facility to address the defect or condition, and, if so, whether the repair attempt resolved the defect or condition. The trial court's failure to resolve these questions before granting summary disposition for plaintiff was error requiring reversal.

B

Plaintiff argued below and argues on appeal that the evidence she submitted in support of her motion for summary disposition nevertheless was sufficient to satisfy the requirements of MCL 257.1403 and to warrant the grant of summary disposition in her favor. Specifically, plaintiff asserted below and asserts on appeal that the record demonstrated the continuation of vehicle defects or conditions after she reported them to the manufacturer and requested the manufacturer to perform a final repair attempt. The trial court did not address these assertions by plaintiff. Generally, an issue is not properly preserved if it is not raised before, and addressed and decided by, the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). However, where the lower court record provides the

necessary facts, appellate consideration of an issue raised before, but not decided by, the trial court is not precluded. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). Because the record here contains the necessary facts, we exercise our discretion to address these claims.

We conclude, after a review de novo of the record, that there were genuine issues of material fact that precluded summary disposition in plaintiff's favor. In opposition to plaintiff's motion, defendant asserted that the service records maintained by the dealership and the testimony of the dealership's service manager, on both of which the plaintiff relied in support of her motion for summary disposition, highlight questions of fact about whether the same defect or condition continued to exist under plaintiff's "thirty days out of service" theory, or whether, under plaintiff's "four repairs" theory, the repairs to plaintiff's vehicle were for the same defect or condition and continued to exist. We agree.

While it is clear from plaintiff's testimony and the testimony of the service manager that plaintiff lodged multiple complaints that the EPC light and the check engine light were on improperly, it is not clear from the service records that a defect or condition consistent with the complaint could be verified or that the same defect or condition was at issue at the time of each complaint. Moreover, because these questions of fact about whether the repairs at issue involved the same defect or condition existed, the trial court should have concluded, as a matter of law, that plaintiff is not entitled to the presumption under subsection 5(a) that a reasonable number of repairs has occurred. See *Isabella Co Social Services, supra* at 615 (whether a legal presumption is

applicable under the facts of the case is a question of law for determination by the trial court).

There is also a genuine issue of material fact about whether any vehicle defects or conditions continued to exist at the time of plaintiff's complaint, thus precluding summary disposition pursuant to subsection 5(b), the "thirty days out of service" theory. For example, the service order for the last repair sought by plaintiff from the dealership documented no problems with the car. Additionally, defendant presented substantial evidence through competing expert witness opinions and additional lay witness testimony that no defect or condition was present after the final repair. As a matter of law, these same issues of fact preclude plaintiff's entitlement to the statutory presumption accorded a consumer under subsection 5(b).

In light of our conclusion that the trial court erred by granting summary disposition in plaintiff's favor, we need not decide whether the remedy ordered by the trial court was consistent with the requirements of MCL 257.1403.

IV

For the reasons articulated, the trial court erred in granting summary disposition in favor of plaintiff. We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.