# STATE OF MICHIGAN

# COURT OF APPEALS

SAMUEL L. HILL, JR.,

Plaintiff-Appellant,

UNPUBLISHED
March 12, 2015

v

No. 319502
Macomb Circuit Court

US BANK, N.A.,

LC No. 2013-002047-CH

Defendant-Appellee.

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff, proceeding in propria persona, brought this action against defendant in May 2013, seeking judicial intervention in connection with a foreclosure sale of property in 2011. Defendant moved for summary disposition under MCR 2.116(C)(8) and (10) on the ground that plaintiff did not have a legally cognizable claim. The trial court granted defendant's motion. Plaintiff appeals as of right and we affirm.

At issue in this appeal is defendant's authority to foreclose plaintiff's property by advertisement pursuant to MCL 600.3201 *et seq.*, after plaintiff defaulted on loan payments secured by a mortgage on the property. Plaintiff defaulted on the loan payments shortly after entering into a loan modification agreement in 2009. A June 7, 2011 affidavit submitted by an employee of defendant's designated agent, Schneiderman & Sherman, P.C., averred that the foreclosure procedure complied with MCL 600.3204 through MCL 600.3205e. On June 9, 2011, defendant purchased the property at a sheriff's sale. Plaintiff failed to redeem the property by December 9, 2011. After defendant sought to take possession of the property in 2013, plaintiff filed this action. The trial court granted defendant's motion for summary disposition, and plaintiff appeals.

Plaintiff argues that defendant lacked the authority to foreclose on the property because it violated MCL 600.3204(d) and MCL 600.3205c(5). We disagree.

Issues of statutory interpretation are reviewed de novo. *Grange Ins Co v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013). We also review de novo a trial court's decision on a motion for summary disposition. *Id.* at 489. Defendant moved for summary disposition under both MCR 2.116(C)(8) and (10). Although the trial court did not identify the subrule under which it decided the motion, because defendant relied on evidence outside the pleadings in support of its request for summary disposition, and the trial court relied on that evidence in

-1-

granting defendant's motion, the motion is appropriately considered under MCR 2.116(C)(10). *Steward v Panek,* 251 Mich App 546, 554; 652 NW2d 232 (2002). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *AFP Specialists, Inc v Vereyken,* 303 Mich App 497, 503; 844 NW2d 470 (2014). The substantively admissible evidence submitted by the parties is considered in a light most favorable to the nonmoving party. *Id.* at 503-504. "Where the submitted evidence fails to establish a genuine issue regarding any material fact and the undisputed facts establish that the moving party is entitled to judgment as a matter of law, summary disposition is properly granted." *Id.* at 504.

While the gravamen of plaintiff's complaint is that the foreclosure was illegal, we agree with defendant that plaintiff failed to present to the trial court his arguments concerning MCL 600.3204(4)(d) and MCL 600.3205(c)(5). "Generally, an issue is not properly preserved if it is not raised before, and addressed and decided by, the trial court." *Hines v Volkswagen of America, Inc,* 265 Mich App 432, 443; 695 NW2d 84 (2005). But this Court may overlook preservations to consider a question of law for which the necessary facts have been presented. *Steward,* 251 Mich App at 554. Therefore, we will consider plaintiff's arguments to the extent that the submitted evidence permits review. However, we decline to consider evidence submitted with plaintiff's brief on appeal that was not submitted to the trial court. It was incumbent on plaintiff to set forth specific facts showing a genuine issue of material fact at the time of the motion of summary disposition. *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999). Enlargement of the record on appeal is not permitted. *Amorello v Monsanto Corp,* 186 Mich App 324, 330; 463 NW2d 487 (1990). Moreover, this Court previously denied plaintiff's motions to expand the record and to remand in order to supplement the record with additional evidence. See *Hill v US Bank, NA,* unpublished order of the Court of Appeals, entered July 10, 2014 (Docket No. 319502), and *Hill v US Bank, NA,* unpublished order of the Court of Appeals, entered August 21, 2014 (Docket No. 319502). Accordingly, our review is limited to the record established in the trial court.

With respect to plaintiff's claim predicated on former MCL 600.3204(4)(d),[1] we note that MCL 600.3204(4) only established requirements for commencing proceedings to foreclose a mortgage on property described in MCL 600.3205a(1). MCL 600.3205a provided, in relevant part:

> (1) Subject to subsection (6), before proceeding with a sale under this chapter of property claimed as a principal residence exempt from tax under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc, the foreclosing party shall serve a written notice on the borrower that contains all of the following information:
>
> (a) The reasons that the mortgage loan is in default and the amount that is due and owing under the mortgage loan.

---

[1] We consider the versions of the statutes in effect at the time of the June 9, 2011 foreclosure sale.

(b)  The names, addresses, and telephone numbers of the mortgage holder, the mortgage servicer, or any agent designated by the mortgage holder or mortgage servicer.

(c)  A designation of 1 of the persons named in subdivision (b) as the person to contact and that has the authority to make agreements under sections 3205b and 3205c.

\* \* \*

(6)  If the borrower and the person designated under subsection (1)(c) have previously agreed to modify the mortgage loan under section 3205b, this section and sections 3205b and 3205c do not apply unless the borrower has complied with the terms of the mortgage loan, as modified, for 1 year after the date of the modification.

Under MCL 211.7cc, the property must be owned and occupied by the property owner as a principal residence to qualify for exemption.  Further, the owner must file an affidavit to claim the exemption.  There is no factual basis in the record for treating plaintiff's property as tax exempt under MCL 211.7cc and, thus, to subject the property to the requirements of former MCL 600.3204(4).  Moreover, even if the requirements in former MCL 600.3204(4) were applicable, subsection (d) only precluded commencement of foreclosure proceedings if

[t]he mortgagor has requested a meeting under section 3205b with the person designated under section 3205a(1)(c), the mortgagor has provided documents if requested under section 3205b(2), and the person designated under section 3205a(1)(c) has not met or negotiated with the mortgagor under this chapter.

MCL 600.3205b provided, in relevant part:

(1)  A borrower who wishes to participate in negotiations to attempt to work out a modification of a mortgage loan shall contact a housing counselor from the list provided under section 3205a within 14 days after the list is mailed to the borrower.  Within 10 days after being contacted by a borrower, a housing counselor shall inform the person designated under section 3205a(1)(c) in writing of the borrower's request.

(2)  After being informed of a borrower's request to meet under this section, the person designated under section 3205a(1)(c) may request the borrower to provide any documents that are necessary to determine whether the borrower is eligible for a modification under section 3205c.  The borrower shall give the person designated under section 3205a(1)(c) copies of any documents requested under this section.

Here, the evidence established that Schneiderman & Sherman was defendant's designated agent for purposes of conducting negotiations, and plaintiff was so advised in a June 14, 2010 notice of his right to request mediation.  Further, the affidavit of Schneiderman & Sherman's employee, dated June 7, 2011, averred that

-3-

[b]orrower(s) has (have) <u>not</u> contacted the Designee within fourteen (14) days nor has a housing counselor informed Mortgagee that the borrower(s) requested a meeting to negotiate a mortgage modification within twenty-four (24) days, after June 14, 2010, the date Mortgagee served the written notice required by Section 3205a and (2).

Plaintiff failed to offer any contrary evidence. Thus, we find no factual support for plaintiff's newly raised claim on appeal that MCL 600.3204(4)(d) was violated. Alternatively, plaintiff is not entitled to relief because a statutory defect in a foreclosure proceeding is not grounds for setting aside a foreclosure sale unless the plaintiff establishes prejudice, which plaintiff has failed to do. See *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012).

We also reject plaintiff's claim that former MCL 600.3205c(5) was violated. There is some record evidence that defendant's default resolution department reviewed whether plaintiff would qualify for a loan modification between the time of the June 14, 2010 letter explaining plaintiff's right to request mediation with Schneiderman & Sherman and the June 9, 2011 foreclosure sale. However, former MCL 600.3205c(1) provided that "[i]f a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification. . . . ." Under former MCL 600.3205c(5), the person designated under section 3205a(1)(c) was also required to provide the borrower with "[a] copy of any calculations made by the person under this section" and certain other information, if requested by a borrower.

Schneiderman & Sherman was defendant's designated agent. But plaintiff has failed to establish that the prerequisite in subsection (1) was satisfied. This is fatal to plaintiff's claim that MCL 600.3205(5) was violated. Furthermore, even assuming that plaintiff could establish a violation of MCL 600.3205(5), the remedy for the violation would have been for plaintiff to file an action in circuit court to convert the foreclosure proceeding to a judicial foreclosure. MCL 600.3205c(8). The foreclosure sale in this case has already taken place. We reject plaintiff's claim that a violation of MCL 600.3205c would entitle him to have the foreclosure sale set aside. Indeed, considering that the six-month redemption period ended in December 2011, plaintiff no longer has standing to bring a cause of action related to the property. See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-714; 848 NW2d 482 (2014).

Accordingly, we affirm the trial court's order granting defendant's motion for summary disposition.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood