# STATE OF MICHIGAN

# COURT OF APPEALS

CHANCE LOWERY,

       Plaintiff-Appellant,

v

ENBRIDGE ENERGY LIMITED
PARTNERSHIP and ENBRIDGE ENERGY
PARTNERS LP,

       Defendants-Appellees.

UNPUBLISHED
April 2, 2015

No. 319199
Calhoun Circuit Court
LC No. 2011-003414-NO

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

In this toxic tort case, plaintiff appeals as of right from an order of the circuit court granting summary disposition to defendants under MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for further proceedings.

This case stems from the July 26, 2010, Enbridge Energy oil spill into Talmadge Creek and the Kalamazoo River. At the time of the spill, plaintiff lived in Battle Creek, 250 feet from the Kalamazoo river. Plaintiff alleges that he was injured as a result of being exposed to toxic fumes from the spilled oil. Plaintiff testified by deposition that he began to get headaches within 24 hours of the oil spill and its accompanying release of odor. Although plaintiff's testimony was not entirely clear, a reasonable reading of it is that he had severe migraines for approximately a week after the spill and that he vomited "non stop practically" for almost a week before his hospital admission on August 18, 2010. During a fit of vomiting, plaintiff testified, he experienced sudden and severe abdominal pain. Plaintiff went to Bronson Battle Creek Hospital where a CT scan revealed that he had suffered an "avulsion" of his short gastric artery that led to internal bleeding. Doctors at Bronson repaired the avulsion surgically. Plaintiff testified that he told the treating physicians about his exposure to oil fumes. However, hospital records and the testimony of plaintiff's treating surgeon indicate that plaintiff did not mention oil fumes at the time of treatment.

Plaintiff's medical expert reviewed plaintiff's hospital records and concluded that oil fumes caused plaintiff's headaches, nausea, coughing, and vomiting, and that "the tear in his short gastric artery was caused by violent and uncontrollable bouts of coughing and vomiting which resulted in changes in intra-abdominal pressure and sudden and violent movement of the

-1-

upper intra-abdominal organs . . . ." The expert did not examine plaintiff, basing his opinion solely on a review of the medical records.

The trial court granted plaintiff's motion for partial summary disposition under MCR 2.116(C)(10) on the issue of the negligent operation of the oil pipeline. However, the court subsequently granted defendants summary disposition under (C)(10), stating, "I just don't have anything . . . to link up the etiology of ruptured aorta [sic]."

"On appeal, a trial court's grant or denial of summary disposition is reviewed de novo." *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).]

In a negligence case, the plaintiff, in order to recover, is required to prove (1) that the defendant owed the plaintiff a duty of care, (2) that the defendant breached that duty, (3) that the plaintiff suffered harm, and (4) that the defendant's breach caused the harm. *Genna v Jackson*, 286 Mich App 413, 417; 781 NW2d 124 (2009). Here, there is no dispute that defendant breached its duty of care to plaintiff and that plaintiff suffered harm; the only dispute is whether defendant's negligence was a proximate cause of plaintiff's arterial rupture.

"Cause in fact requires that the harmful result would not have come about but for the defendant's negligent conduct." *Id*. (citation and quotation marks omitted). "Cause in fact may be established by circumstantial evidence, but such proof must facilitate reasonable inferences of causation, not mere speculation." *Id*. at 417-418 (citation and quotation marks omitted). "A plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id*. at 418.

Defendants contend that the testimony of plaintiff's medical expert was inadequate. We note, however, that in *Genna*, this Court held that direct expert testimony that the toxin was the cause of the plaintiff's injury was not required to prove causation in a toxic tort case. *Id*. The Court stated:

> Defendant urges this Court to adopt the requirement that, in order to prove causation in a toxic tort case, a plaintiff must show both that the alleged toxin is capable of causing injuries like those suffered by the plaintiff in human beings subjected to the same exposure as the plaintiff, and that the toxin was the cause of the plaintiff's injury. They urge this Court to find that direct expert testimony is required to establish the causal link, not inferences. We decline to adopt this requirement. [*Id*.]

A plaintiff is permitted to prove his case through circumstantial evidence and reasonable inferences. See *id*. at 421. Here, there was a strong enough logical sequence of cause and effect for a jury to reasonably conclude that plaintiff's exposure to oil fumes caused his vomiting, which ultimately caused his short gastric artery to rupture. Plaintiff lived in the vicinity of the oil spill and was aware of an overpowering odor and was aware that "the news just kept saying that headaches and nausea [sic]." A reasonable reading of plaintiff's testimony is that he had an approximately weeklong spell of severe migraines that started the day after the spill and then, approximately a week after that, he experienced a several-days-long bout of vomiting. During a fit of vomiting, plaintiff felt a sharp pain in his abdomen, and it turned out that his short gastric artery (which runs between the stomach and the spleen) had ruptured, requiring surgery. Given the proffered evidence, the claim that the already-adjudged negligence of defendants in the release of oil into the Kalamazoo River caused the artery rupture goes beyond mere speculation.

It is true that there are other plausible explanations for plaintiff's injury and that there are certain facts that could potentially be damaging to plaintiff's case at trial. However, this only serves to highlight that there are genuine issues of material fact to be resolved by a jury. For the purpose of a motion for summary disposition under MCR 2.116(C)(10), there is enough circumstantial evidence to create a genuine issue of material fact.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Jane M. Beckering

-3-