# STATE OF MICHIGAN

# COURT OF APPEALS

SADA YALDO,

        Plaintiff-Appellant,

v

GOLDSTEIN BERSHAD & FRIED, P.C.,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

MARTIN L. FRIED,

        Defendant-Appellee,

and

YALDO LAW, P.L.L.C., and SCOTT YALDO,

        Third-Party Defendants.

UNPUBLISHED
June 11, 2015

No. 319720
Oakland Circuit Court
LC No. 2013-134679-NM

Before: SAAD, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

In this dispute over legal representation, plaintiff, Sada Yaldo, appeals by right the trial court's order granting the motion for summary disposition by defendants Goldstein Bershad & Fried, P.C., and Martin L. Fried (collectively, Goldstein Bershad). Because we conclude the trial court did not err when it dismissed Yaldo's remaining claims, we affirm.

Yaldo first argues that the trial court erred when it dismissed her malpractice claims under MCR 2.116(C)(8), because she properly pleaded those claims. It appears from the record, however, that the trial court actually granted the motion for summary disposition under MCR 2.116(C)(10). The trial court in this case considered a transcript from the underlying bankruptcy proceeding, which Goldstein Bershad attached to its supplementary brief to the motion for summary disposition. Where a trial court considers evidence outside the pleadings, this Court

-1-

treats a summary disposition as falling under MCR 2.116(C)(10). *Steward v Panek*, 251 Mich App 546, 555; 652 NW2d 232 (2002). Therefore, this claim of error is without merit.

In any event, Yaldo also argues that the trial court erred to the extent that it dismissed her malpractice claims under MCR 2.116(C)(10). Specifically, she maintains that the trial court should not have limited discovery to the single transcript and then dismissed her claims on the basis of that evidence. This Court reviews de novo a trial court's decision on a motion for summary disposition. *Hines v Volkswagen of Am, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005). We review a trial court's decision to limit discovery for an abuse of discretion. *VanVorous v Burmeister*, 262 Mich App 467, 477; 687 NW2d 132 (2004).

When reviewing a motion for summary disposition under MCR 2.116(C)(10), this Court must consider the record in the same manner as the trial court. *Hines*, 265 Mich App at 437. We must consider all the pleadings and the evidence in a light most favorable to the nonmoving party. *Id.* "Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Brown v Brown*, 478 Mich 545, 552; 739 NW2d 313 (2007). This Court has also held that summary disposition prior to the completion of discovery may be appropriate where "further discovery does not stand a fair chance of finding factual support for the nonmoving party." *VanVorous*, 262 Mich App at 477.

In this case, it was Yaldo's position that, but for the mishandling of her motion for summary judgment by Goldstein Bershad in the bankruptcy case, her guaranty of the debt at issue would have been discharged in bankruptcy. She further argued that discovery outside the transcript was necessary to show "what sort of work was done on the file, what efforts were made, whether [Goldstein Bershad] complied with the particular rules governing the profession and meeting the standard of care." The trial court stated that these issues were irrelevant because the court had already dismissed her claims of breach of contract, unjust enrichment, and breach of the rules of professional conduct under MCR 2.116(C)(8).[1] The court further explained that if the transcript demonstrated that there was no causal link between the actions taken by Goldstein Bershad in the bankruptcy hearing and the negative outcome of that hearing, no other evidence would be necessary.

Causation is an essential element of every malpractice claim. *Manzo v Petrella*, 261 Mich App 705, 712; 683 NW2d 699 (2004). Yaldo alleged in her complaint that Goldstein Bershad's failure to properly support her motion for summary judgment led to the bankruptcy court's judgment in favor of the lender in that case. Goldstein Bershad noted that the bankruptcy court entered judgment on its own initiative and without giving it notice or an opportunity to respond; that is—it was Goldstein Bershad's position that the bankruptcy court's decision had nothing to do with the evidentiary support for the motion. Given these contentions, we cannot conclude that the trial court abused its discretion by limiting discovery to the transcripts. The limitation was reasonably calculated to allow discovery of the evidence most likely to demonstrate the basis for the bankruptcy court's order, which was at the center of the parties' dispute. *VanVorous*, 262 Mich App at 477.

---

[1] The trial court's decision to dismiss those claims is not at issue on appeal.

We also conclude that the trial court did not err when it dismissed Yaldo's malpractice claims under MCR 2.116(C)(10). The lender in the bankruptcy proceeding asked the bankruptcy court to determine that Yaldo and her husband could not discharge the debt at issue because they made fraudulent representations in connection with the loans. Acting on Yaldo's behalf, Goldstein Bershad moved for summary judgment on the grounds that neither Yaldo nor her husband ever made any representations to the lender, let alone fraudulent representations. It supported the motion with a statement under penalty of perjury by Yaldo's husband in which he stated that the facts provided in the motion were true. The lender eventually responded with documentation, which established that Yaldo and her husband had signed documents with false representations. The transcript revealed that, after reviewing the evidence submitted by the lender, the bankruptcy court entered summary judgment in the lender's favor despite the fact that the lender did not file a cross-motion for summary judgment and apparently did so without notice to Yaldo or her lawyers.

Because the transcript showed that the bankruptcy court acted on its own initiative to grant summary judgment to the nonmoving party and did not provide Goldstein Bershad with the required notice and opportunity to respond, see FR Civ P 56(f), the trial court in this case did not err when it determined that there was no factual dispute that Goldstein Bershad's handling of the motion for summary judgment did not proximately cause the adverse ruling. Moreover, assuming that there was evidence that permitted an inference that Yaldo did not participate in the fraud, the bankruptcy court's error could have been corrected by motion or appeal after Goldstein Bershad withdrew from representing Yaldo. That is, even if Goldstein Bershad's substandard handling of the motion essentially invited the trial court to sua sponte grant summary disposition in favor of the nonmoving party without notice, the adverse ruling was in error and could have been timely corrected. Consequently, given the evidence, the trial court did not err when it dismissed Yaldo's claims of malpractice premised on Goldstein Bershad's handling of the motion for summary judgment in the bankruptcy case. *Brown*, 478 Mich at 552.

Affirmed.

/s/ Henry William Saad
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-3-