# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* JAMES SHIMIZU YANG.

---

OAKLAND COUNTY PROSECUTOR,

        Petitioner-Appellee,

v

JAMES SHIMIZU YANG,

        Respondent-Appellant.

UNPUBLISHED
March 9, 2017

No. 330179
Oakland Circuit Court
LC No. 2015-147709-AV

---

Before: RIORDAN, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

Respondent appeals by leave granted the trial court's order reversing portions of the probate court's continuing order for treatment. We affirm.

Initially, respondent asserts that the trial court erred in reversing the portion of the probate court's continuing order for treatment requiring respondent to "undergo a . . . continuing order of combined hospitalization and alternative/assisted outpatient treatment for a period not to exceed one year." According to respondent, the trial court erred in concluding that MCL 330.2050(5) precluded the probate court from entering an order allowing for alternative treatment without such action being recommended by the NGRI[1] Committee. Respondent also raises a constitutional aspect to this argument, asserting that where the discharge procedures under the Mental Health Code, MCL 330.1001 *et seq.* are different for those found not guilty by reason of insanity, equal protection and due process violations result.[2]

---

[1] NGRI is an acronym for "Not Guilty By Reason of Insanity."

[2] Respondent did not raise these constitutional claims in the trial court. Accordingly, they were not properly preserved for this Court's review. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005).

Petitioner has pointed out, and a review of the probate court record confirms, that following the entry of the trial court's order, respondent began an authorized leave status (ALS) contract, apparently with the approval of the NGRI Committee, and respondent is residing at the Harbor Point Facility, receiving "intensive residential treatment[.]"[3]  In his brief on appeal, respondent confirms that "[t]he NGRI Committee has agreed to place respondent on an ALS contract[,]" and that respondent now resides in a secured facility in the community. Accordingly, to the extent that respondent has invited this Court to determine the probate court's authority to enter an order for continuing treatment, specifically allowing for alternative treatment when a person has been adjudicated NGRI, we decline this invitation where the procedural posture of this case has rendered this issue moot.  This Court, as a general rule, will not determine moot issues. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).  "An issue is moot if an event has occurred that renders it impossible for the court to grant relief.  An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010) (citations omitted).

Respondent also argues on appeal that the trial court erred in reversing the portion of the probate court's order that stated "[respondent] is no longer on NGRI status."  We disagree.

Where this issue requires an interpretation of the relevant statutes, our review is de novo. *Yono v Dep't of Transportation*, 499 Mich 636, 645; 885 NW2d 445 (2016).

MCL 600.841(1) provides, in pertinent part, that "[t]he probate court has jurisdiction and power as follows:  (b) as conferred upon it under the mental health code, 1974 PA 258, MCL 330.1001 to 330.2106."  The provision of the Mental Health Code at issue in this case is MCL 330.2050, which provides as follows:

> (1) The court shall immediately commit any person who is acquitted of a criminal charge by reason of insanity to the custody of the center for forensic psychiatry, for a period not to exceed 60 days.  The court shall forward to the center a full report, in the form of a settled record, of the facts concerning the crime which the patient was found to have committed but of which he was acquitted by reason of insanity.  The center shall thoroughly examine and evaluate the present mental condition of the person in order to reach an opinion on whether the person meets the criteria of a person requiring treatment or for judicial admission set forth in [MCL 330.1401 or MCL 330.1515].

> (2) Within the 60-day period the center shall file a report with the court, prosecuting attorney, and defense counsel.  The report shall contain a summary of

---

[3] The probate court entered a continuing order for treatment on May 25, 2016 providing that respondent undergo a continuing order of treatment "and be hospitalized . . . for a period not to exceed one year."  The order provides that hospitalization take place at "Hope Network," which Harbor Point is apparently a part of, or "KPH Center for Forensic Psychiatry" or the Caro Center.

the crime which the patient committed but of which he was acquitted by reason of insanity and an opinion as to whether the person meets the criteria of a person requiring treatment or for judicial admission as defined by [MCL 330.1401 or MCL 330.1515], and the facts upon which the opinion is based. If the opinion stated is that the person is a person requiring treatment, the report shall be accompanied by certificates from 2 physicians, at least 1 of whom shall be a psychiatrist, which conform to the requirements of [MCL 330.1400].

(3) After receipt of the report, the court may direct the prosecuting attorney to file a petition pursuant to [MCL 330.1434 or MCL 330.1516] for an order of hospitalization or an order of admission to a facility with the probate court of the person's county of residence or of the county in which the criminal trial was held. Any certificates that accompanied the report of the center may be filed with the petition, and shall be sufficient to cause a hearing to be held pursuant to [MCL 330.1451] even if they were not executed within 72 hours of the filing of the petition. The report from the court containing the facts concerning the crime for which he was acquitted by reason of insanity shall be admissible in the hearings.

(4) If the report states the opinion that the person meets the criteria of a person requiring treatment or for judicial admission, and if a petition is to be filed pursuant to subsection (3), the center may retain the person pending a hearing on the petition. If a petition is not to be filed, the prosecutor shall notify the center in writing. The center, upon receipt of the notification, shall cause the person to be discharged.

(5) The release provisions of [MCL 330.1476 to MCL 330.1479] of this act shall apply to a person found to have committed a crime by a court or jury, but who is acquitted by reason of insanity, except that a person shall not be discharged or placed on leave without first being evaluated and recommended for discharge or leave by the department's program for forensic psychiatry, and authorized leave or absence from the hospital may be extended for a period of 5 years. [Footnotes omitted.]

Our review of this statutory provision yields no indication that the probate court has the authority to discharge an individual's NGRI status. Additionally, we note that respondent has not pointed to any statutory authority within the Mental Health Code that provided the probate court with such authority, and our research has not yielded any such authority. Accordingly, the trial court properly concluded that the portion of the continuing order for treatment that discharged respondent's NGRI status should be reversed.

Affirmed.

/s/ Michael J. Riordan
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood