# STATE OF MICHIGAN

# COURT OF APPEALS

CHIROPRACTORS REHABILITATION
GROUP, PC,

      Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellant.

UNPUBLISHED
March 15, 2018

No. 320288
Oakland Circuit Court
LC No. 2013-009983-AV

ELITE HEALTH CENTERS, INC., ELITE
CHIROPRACTIC, PC, and HORIZON
IMAGING, LLC,

      Plaintiffs-Appellees,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant-Appellant.

No. 322317
Oakland Circuit Court
LC No. 2014-139132-AV

ON REMAND

Before: SHAPIRO, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

These consolidated cases return to us from the Michigan Supreme Court to consider the effect of the decision in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). *Covenant* makes it clear that providers do not have standing to bring direct suits for PIP benefits against a patient's no-fault insurer. Thus, absent an assignment from the patient insured, they may not bring a suit for PIP benefits. *Id*. at 196. The *Covenant* court declined to "follow the long line of cases from the Court of Appeals recognizing that a healthcare provider may sue a no-fault insurer to recover PIP benefits under the no-fault act." *Id*. at 200.

-1-

Instead, it relied "on the language of the no-fault act to conclude that a healthcare provider possesses no statutory cause of action against a no-fault insurer for recovery of PIP benefits." *Id*. at 200, 204-218.

The *Covenant* court did not indicate whether its opinion was retroactive to pending cases. We considered that question in *W A Foote Mem Hosp v Mich Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (2017); slip op at 14-16, concluding that *Covenant* is retroactive, at least, as to all cases in which the issue of provider standing was raised and preserved. *Foote* did not reach the question whether Covenant applied to pending cases in which the issue of provider standing was not raised and preserved. *Id*. at ___; slip op at 7 n 9 (holding that it was not necessary to decide whether to apply full or limited retroactivity where the plaintiff preserved the issue on appeal).

In Docket No. 322317, the issue was raised in the trial court by means of a motion for reconsideration. While reconsideration motions are not typically considered sufficient to constitute preservation, the issue was briefed in the case and we elected to consider the issue in our prior opinion. Given our prior decision to address the standing issue raised by defendant, it is properly before us. Accordingly, given *Covenant* and the fact that the plaintiff is a medical provider and not the insured, we hold that plaintiff lacks independent standing and remand for the trial court to enter an order dismissing any direct statutory claim.

The situation is different in Docket No. 320288 because the defendant did not seek summary disposition on the grounds of standing[1] and the issue was not briefed on appeal. For these reasons, we conclude that the issue should be first be addressed by the trial court and so remand the case to the trial court.[2]

In Docket No. 320288 the remand is without prejudice to defendant filing a motion to dismiss plaintiff's direct claim based on *Covenant*. In both cases, the remand is without prejudice to proceedings on any claims based upon assignment. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[1] Defendant moved for summary disposition and appealed only on the grounds that benefits should not be paid to anyone in light of the insured's alleged failure to cooperate as required by the policy.

[2] "Generally, an issue is not properly preserved if it is not raised before, and addressed and decided by, the trial court." *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443, 695 NW2d 84, 91 (2005).